[Civ. No. 6089. First Appellate District, Division Two.—June 21, 1928.]

EMMA DAHLBERG, Respondent, v. ANDREW DAHL-BERG, Appellant.

Herbert Chamberlain for Appellant.

Gerald C. Halsey and Frederic T. Leo for Respondent.

NOURSE, J.—This is an appeal from an order amending a final decree of partition is so far as it related to fees awarded for services of counsel and referees employed in the litigation.

The interlocutory decree found that both plaintiff and defendant had incurred and expended reasonable counsel fees for the common benefit and recited that the matter of fixing the costs of partition, including counsel fees, should be reserved for the final decree. When the final decree was made the reasonable value of the services of counsel and of the referees was determined, but the trial court, through inadvertence, ordered such fees to be paid directly to the counsel and referees rather than to the parties to the litigation. Thereafter the decree was amended in so far only as the decree purported to award fees *directly* to the counsel and referees. Thereafter, on motion of plaintiff, the decree was again amended to read that these awards should be to the parties alone—$1,250 to the plaintiff, with a lien for one-half thereof on the property partitioned to the defendant; $1,000 to the defendant, with a lien for one-half thereof on property partitioned to the plaintiff; and $300 to plaintiff to cover fees of the referees, with a lien for one-half thereof on property partitioned to the defendant. The appeal is taken from this last order.

The inter~~...~~cory decree properly found and recited that the allowance for counsel and referee fees should go to the respective parties, but the final decree inadvertently made the award to the counsel and referees directly. The first amendment merely modified this decree in so far as it gave a direct award to counsel and referees. The second amendment, the order appealed from, merely cleared the uncertainty arising from the decree as amended and made the decree speak the true intention of the court. Such an amendment is not a correction of judicial error but is one coming within the rule of *Estate of Willard,* 139 Cal. 501, 504 [64 L. R. A. 554, 73 Pac. 240], where it was held that, when the intention of the court appears on the face of the decree, but is not clearly expressed, the court may amend the decree to remove the uncertainty.

Before appellant had taken his appeal from the order he and the respondent had paid in full the fees awarded to the referees, and the appellant had paid to the respondent one-half of the fees awarded her counsel. There is nothing involved in this appeal but the award of $1,000 to appellant to reimburse him for the fees of his own counsel. He is not a party aggrieved by the order appealed from.

The order is affirmed.

Koford, P. J., and Sturtevant, J., concurred.