HOUSER, J.
 

 This appeal relates to an asserted power of a probate court by which an order,
 
 “nunc pro tunc”
 
 was made, which affected an order of final distribution in the matter of the
 
 Estate of Alexander Goldberg, Deceased,
 
 and which former order was made thirty-five years after the latter was entered.
 

 The pertinent facts are that a will in said estate that was in the course of probate included a provision, of which the following is a copy of its questioned conditions: "I give devise and bequeath to my daughter Mrs. Emma Blue the following described tract of land situated in Sacramento County, State of California, ... to hold the same in trust for my son Fritz Goldberg. . . . Should my son Fritz die leaving issue, then and in that event the property shall vest in such issue. Should he die leaving a wife but no child then the same shall vest in such wife. Should my son Fritz die without either wife or child then said property shall vest absolutely in my children Gustave-Fritz-Amelia and Mrs. Emma Blue.”
 

 To the petition for final distribution of said estate a copy of the will was attached and the prayer of the petition was that the residue of the estate "be distributed to those entitled thereto”. The petition for distribution did not indi
 
 *711
 
 cate the manner in which the estate should be distributed. The minute order of the court that followed a hearing of such petition was as follows: “Decree of distribution granted in accordance with terms of the will, and the Court directs that the proper decree be prepared and filed herein, and when filed, the same to be entered in the records of this Court on the date of filing.” •
 

 Thereupon, and immediately thereafter, a decree of distribution of the estate was signed by the judge of the probate court. Among other provisions therein contained was the following: “To Mrs. Emma Blue, daughter of deceased, the legal title to the aforesaid Fritz Goldberg Tract, to be held in trust for said Fritz Goldberg for the term of his natural life . . . ; provided, that in the event that said Fritz Goldberg shall die leaving neither surviving wife or child, then and in that event the title to said tract of land shall vest in Gustave Goldberg, Amelia Goldberg and Mrs. Emma Blue, children of deceased, share and share alike in fee simple.”
 

 With the exception of Gustave, in the course of thirty-five years next ensuing, all the children of the testator had died. On the death of Fritz “without either wife or child” him surviving, Gustave, who was the executor of the will of Alexander Goldberg, deceased, presented his petition to the probate court “for instructions”, but therein prayed “that he be authorized and instructed as trustee to deliver all of the assets of said trust to himself free and clear of the said trust, and that upon so doing he be discharged of all liability as trustee”.
 

 On the hearing of the said petition, evidence was taken which included the will itself, the petition for distribution of the estate, the minute order, and the order of distribution, to each of which reference hereinbefore has been had. Thereupon, by the
 
 “nunc pro tunc”
 
 order here in question, the original decree of distribution was amended.
 

 As far as here is important, it may be noted that the effect of the
 
 “nunc pro tunc”
 
 order was to make the decree of distribution conform to the exact provision of the will; that is to say: The will having contained a provision that “should my son Fritz die without either wife or child then said property shall vest absolutely in my children
 
 Gustave-Fritz
 
 Amelia and Mrs. Emma Blue”; and the original decree of distribution having provided “that in the event that said Fritz Goldberg shall die leaving neither surviving wife or
 
 *712
 
 child, then, and in that event the title to said tract of land shall vest in Gustave Goldberg, Amelia Goldberg, and Mrs. Emma Blue
 
 (omitting Fritz),
 
 children of deceased, share and share alike, in fee simple”;—by the terms of the
 
 “nunc pro tunc”
 
 order it was decreed:
 

 “That the petition for distribution in the matter of the estate of Alexander Goldberg, requested that distribution be made in accordance with the terms of the will of said Alexander Goldberg. That through a clerical error, the decree of distribution in the matter of the estate of said Alexander Goldberg in two places omitted the name of Fritz Goldberg * where the name of Fritz Goldberg appeared in the will; that said error should
 
 be
 
 corrected at this time; . . . ”
 

 It first is contended by appellants that the lower court erred in admitting the will in evidence and thereupon in considering its contents for the purpose of “interpreting the decree of distribution” which theretofore had been made by the court. In that connection appellants direct attention to the language contained in the minute order that was made in the lower court on the hearing of the petition for the original decree to the effect that it is there recited that the decree was “granted
 
 in accordance with the terms of the will”,
 
 and that the court directed that
 
 “a proper decree
 
 be prepared”; also to the language contained in the original decree wherein it appears that it purports first to direct distribution of the estate
 
 “among the persons entitled thereto”,
 
 and follows by the order of distribution, by which, instead of following the direction of the testator, a part of the estate was distributed to the children Gustave, Amelia and Emma,—omitting Fritz. On such a premise, specifically it is urged that since probate orders need not recite the existence of facts (see. 1704, Code Civ. Proc.); that the presumption is that “official duty has been regularly performed’.’; and “that the ordinary course of business has been followed” (subds. 15, 20 of sec. 1963, Code Civ. Proc.);—it should result that the meaning which should attach not only to the language of the minute order, but also to that of the decree, is that the conclusion as was expressed in the original decree (even if incorrect) was that at which the court “judicially” arrived; and consequently that after the lapse of time within which an appeal might have been lawfully taken, the decree became final and that thereafter the will itself
 
 *713
 
 could not be property used for the purpose of vacating or impeaching such decree.
 

 In general, and in the absence of some existing and affecting condition such as extrinsic fraud, or anything akin thereto, the rule would appear to be well established that even though from a standpoint of following the specific provisions of the will, a decree of distribution of the estate is inaccurate and incorrect, nevertheless after the decree has become final, for all time thereafter, it remains the unalterable measure of the rights of all persons who may be interested in the estate.
 
 (Matter of Trescony,
 
 119 Cal. 568 [51 Pac. 951];
 
 Lankton
 
 v.
 
 Superior Court,
 
 5 Cal. (2d) 694, 696 [55 Pac. (2d) 1170];
 
 Goad
 
 v.
 
 Montgomery,
 
 119 Cal. 552 [51 Pac. 681, 63 Am. St. Rep. 145];
 
 Moor
 
 v.
 
 Vawter,
 
 84 Cal. App. 678 [258 Pac. 622] and authorities therein respectively cited.) However, should the language of such a decree appear to be “uncertain, vague or ambiguous” it is subject to judicial explanation or interpretation, and in such circumstances, the will itself may be used to establish the true meaning and intent of the decree.
 
 (Fraser
 
 v.
 
 Carmen-Ryles,
 
 8 Cal. (2d) 143 [64 Pac. (2d) 397];
 
 In re Ewer,
 
 177 Cal. 660 [171 Pac. 683];
 
 Horton
 
 v.
 
 Winbigler,
 
 175 Cal. 149 [165 Pac. 423].) But herein, with respect to the provision of the will that is the subject of inquiry, its language is plain and unambiguous; it requires no interpretation; nor has an interpretation of the will been suggested. The only purpose of the petition was to correct an asserted clerical error that appeared in the decree.
 

 Such being the situation, both in regard to the facts and the general rule of law that affects the question of the eonclnsiveness of a decree of distribution of an estate which, ordinarily speaking, has become final, the additional specific question here presented relates to whether, the facts herein considered, the lower court had authority or power to make an order,
 
 “nunc pro tunc’’,
 
 by which the decree theretofore entered by the lower court could be modified or corrected as to a clerical error which appeared therein so as to make the decree conform to the express terms of the will.
 

 In that regard, it also appears to be conceded by the respective parties to this appeal that notwithstanding the general rule that even though judicial error therein be manifest, after a judgment or decree has become final, its provisions no longer property may be subjected to change or
 
 *714
 
 modification, nevertheless when on the face of the record it appears that a clerical error has been committed and carried into the judgment or decree, the court has the authority and the power to correct such error. The primary inquiry, then, that is presented for determination is, whether the asserted error in the decree was the result of a clerical error. In that connection, it first becomes advisable to determine whether any error was made. To that end, a brief summary of the facts may be helpful at this point.
 

 By the terms of the will, the testator directed that as to certain of his property it should be divided among his four children,—Fritz included; the petition for distribution of the estate was that it be “ distributed to those entitled thereto”. In that regard, the court’s minute order was “Decree of distribution granted
 
 in accordance with the terms of the will
 
 and the court directs that the
 
 proper decree
 
 be prepared and filed herein. ...” Notwithstanding that situation, the decree that was signed by the judge of the court omitted the name of Fritz as a distributee of that property.
 

 Other than the language of the decree itself, no evidence appears to the effect that the intention of the court was to make its order in opposition to the “terms of the will”. As a presumption of fact and to the contrary of such an assumption, in accordance with the respective decisions in
 
 Estate of Newman,
 
 68 Cal. App. 420 [229 Pac. 898],
 
 Estate of Wilson,
 
 184 Cal. 63, 68 [193 Pac. 581],
 
 Weedon
 
 v.
 
 Power,
 
 202 Ky. 542 [260 S. W. 385],
 
 Ball
 
 v.
 
 Hophins,
 
 254 Mass. 347 [150 N. E. 434],
 
 Payne
 
 v.
 
 Brown,
 
 164 Ga. 171 [137 S. E. 921], and 13 A. L. R. 615, 620, it appears as a matter of law that the estate of Fritz was empowered to take as a remainderman;—from which it should follow as a natural inference that with knowledge of the law in the premises, the intention of the probate court was to perform its legal duty and direct the distribution of the estate in accordance with “the terms of the will”. That an error was committed is obvious. Moreover, by its findings of fact made by the court with relation to the application for the order
 
 “nunc pro tunc”,
 
 in substance the court declared “That through a clerical error, the decree of distribution in the matter of the estate of said Alexander Goldberg in two places omitted the name of Fritz Goldberg where the name of Fritz Goldberg appeared in the will; that said error should be corrected at this time; . . . ”
 

 And particularly with reference to the authority of the
 
 *715
 
 court to determine the character of the error, in the case of
 
 Harman
 
 v.
 
 Cabaniss,
 
 207 Cal. 60 [276 Pae. 569], it was declared that, “It (the court) has full power to determine whether the alleged error was clerical or judicial in character and,.if clerical, to set aside the interlocutory decree, correct the error and enter judgment on the findings as corrected and conclusions of law to be drawn therefrom.”
 

 Ordinarily, although originally and in its literal significance, a clerical error is one that has been made by a clerk or some subordinate agent, latterly the meaning has been broadened and extended so that it now may include an error that may have been made by the judge or by the court.
 

 In the case of
 
 Wilder
 
 v.
 
 Bush,
 
 201 Ala. 21 [75 So. 143, 146], it was said that “ Clerical errors’ in the journals of the court are not only those made by the clerk, but also those mistakes apparent on the record, made by counsel or even by the court in the progress of the trial. ’ ’
 

 And in
 
 Bessemer I.
 
 D.
 
 Co.
 
 v.
 
 West Pueblo
 
 D.
 
 & R. Co.,
 
 65 Colo. 258 [176 Pac. 302], it was ruled that “A ‘clerical error ’ in the record of a judgment, as regards correction, includes one made by the court which cannot reasonably be attributed to exercise of judicial consideration or discretion. ’ ’
 

 To the same effect see
 
 Enderlin F. S. Co.
 
 v.
 
 Witliff,
 
 56 N. D. 380 [217 N. W. 537], and
 
 Wilson
 
 v.
 
 City of Fergus Falls,
 
 181 Minn. 329 [232 N. W. 322].
 

 In the ease of
 
 Bemmerly
 
 v.
 
 Woodward,
 
 124 Cal. 568 [57 Pac. 561], it was held (syllabus): “Where there is an error in the caption of the complaint and of the judgment in describing the plaintiffs both as heirs and administrators, but the body of the complaint shows that plaintiffs sue in their representative capacity, and that the estate is not distributed, which facts are admitted by the answer, an error in rendering judgment for the plaintiffs individually, instead of in their representative capacity, is a mere clerical error, apparent upon the face of the record, which might be corrected at any time. . . . The signature of the judge to the judgment does not establish that the error in the judgment is not a clerical error.” And in
 
 Kowalsky
 
 v.
 
 Nicholson,
 
 23 Cal. App. 160 [137 Pac. 607], the ruling was to the same effect.
 

 In 14 California Jurisprudence, pages 995, 996, the rule is thus stated: “But the power to amend is not wholly confined to the correction of an erroneous record; it extends also to cases where some provision of or omission from an
 
 *716
 
 order or judgment as made or rendered was due to the inadvertence or mistake of the court and may therefore properly be treated as a clerical misprision rather than a judicial error. . . . There are many cases in which it so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts as established by the record, that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right by an amendment
 
 nunc pro
 
 tunc:”—following which, the author cites several California authorities wherein the rule as announced is fully supported. (See, also,
 
 Christie
 
 v.
 
 Christie,
 
 99 Cal. App. 53 [277 Pac. 872],
 
 Dahlberg
 
 v.
 
 Dahlberg,
 
 92 Cal. App. 639 [268 Pac. 695], and the text on p. 1001 of vol. 14, Cal. Jur.)
 

 In the instant ease, it therefore would appear to be fairly established not only that the error of which complaint has been made was clerical in its nature, but also that the court was well within its authority in ordering its correction. •
 

 Notwithstanding the general authority of the court to make such correction, in reliance upon the provisions of section 473, Code of Civil Procedure, and the cases of
 
 Scamman
 
 v.
 
 Bonslett,
 
 118 Cal. 93 [50 Pac. 272, 62 Am. St. Rep. 226], and
 
 Goatman
 
 v.
 
 Fuller,
 
 191 Cal. 245 [216 Pac. 35], appellant contends that the court had lost and was without jurisdiction to make the order, for the reason that a period of thirty-five years had elapsed after the decree of distribution was ordered before the petition for the issuance of a
 
 “nunc pro tunc”
 
 order with reference thereto was presented to the court.
 

 Although the pertinent provisions of section 473, Code of Civil Procedure, are that “The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, ...” nevertheless appellant asserts that in accord with other applicable portions of the statute, the petitioner was required to present to the court his application for relief within one year (six months) after the judgment or decree had been entered.
 

 In that connection, it may be noted that the foregoing quoted portion of section 473, Code of Civil Procedure, constitutes a part of an addition that was made to the original statute by legislative enactment which appears in Statutes
 
 *717
 
 of 1933, page 1851.' Prior thereto, and after the effective date of Statutes of 1919, page 730, the substance of such added matter was contained in section 900a, Code of Civil Procedure, which is a part of part II, title XI, of the Code of Civil Procedure that relates to proceedings in justices ’ courts. But especially with reference to clerical errors either in the entry of the judgment or decree, or with reference to inadvertence of the court, notwithstanding the absence of direct statutory provision by which courts in general were authorized to timely correct both clerical and judicial errors that appeared in their own judgments, in accord with common-law precedent, the courts universally have recognized the existence of an inherent right or power to do so. (14 Cal. Jur. 991 et seq.)
 

 The authorities to which appellant has referred have no application to a situation such as is here disclosed. They relate to judicial errors only. But as to clerical errors, when the error is apparent from the face of the record, no time limit exists as far as the right to make the correction is concerned.
 
 (Halpern
 
 v.
 
 Superior Court,
 
 190 Cal. 384 [212 Pac. 916];
 
 Scamman
 
 v.
 
 Bonslett,
 
 118 Cal. 93 [62 Am. St. Rep. 226, 50 Pac. 272];
 
 Dickey
 
 v.
 
 Gibson,
 
 113 Cal. 26 [54 Am. St. Rep. 321, 45 Pac. 15];
 
 Brush
 
 v.
 
 Pacific Elec. Ry. Co.,
 
 58 Cal. App. 501 [208 Pac. 997];
 
 People
 
 v.
 
 O'Brien,
 
 4 Cal. App. 723 [89 Pac. 438].)
 

 As hereinbefore has been indicated, this court is of the opinion that the asserted error in the order of distribution of the estate was not only clerical in its nature and apparent from an inspection of the record, but was one which, notwithstanding the lapse of so many years, was correctible by the court at any time.
 

 It becomes unnecessary to consider other points that have been suggested by the respective parties to the appeal.
 

 The order is affirmed.
 

 Shenk, J., Curtis, J., Langdon, J., Waste, C. J., and Edmonds, J., concurred.