[Civ. No. 13731.   First Dist., Div. Two.   Nov. 9, 1948.]

BARBARA WILSON, Respondent, v. FRANCIS A. WILSON, Appellant.

A. B. Dunne, Dunne & Dunne and R. Mitchell Boyd for Appellant.

Hallinan, MacInnis & Zamloch for Respondent.

DOOLING, J.—After a trial before Judge George W. Schonfeld in the superior court in San Francisco findings were made and an interlocutory decree entered granting plaintiff a divorce from defendant, ordering defendant to pay alimony and awarding certain community property to plaintiff. Defendant appealed from the interlocutory decree and on the appeal the interlocutory decree was ordered modified in the following language: "[T]he interlocutory decree is modified by striking therefrom all words presently disposing of the community property and inserting words to the effect that upon the entering of the final decree the parties are entitled to have assigned to them the portions of the community property mentioned in the decree." (*Wilson* v. *Wilson,* 76 Cal.App.2d 119, 133 [172 P.2d 568].)

After the remittitur had gone down and on December 5, 1946, another superior judge, acting on an affidavit hereafter discussed, signed and entered a final decree of divorce in the action which made no disposition of the community property, but was entirely silent on that subject. This omission in the final decree having been called to the attention of Judge Schonfeld, on July 22, 1947, Judge Schonfeld signed an amended final decree of divorce expressly awarding the community property to the parties as directed by the order of the court quoted from *Wilson* v. *Wilson, supra.* This amended decree recited that the final decree of December 5, 1946, was entered "by reason of a clerical mistake," and directed that the amended decree be entered *nunc pro tunc* as of December 5, 1946. From this *nunc pro tunc* judgment defendant appeals.

Defendant argues primarily that any error of the judge who signed the final decree of December 5, 1946, in failing to dispose of the community property as expressly directed by the District Court of Appeal in *Wilson* v. *Wilson, supra,* was a judicial error and not a clerical mistake. This view is refuted by the following authorities: *Bemmerly* v. *Woodward,* 124 Cal. 568 [57 P. 561]; *Estate of Goldberg,* 10 Cal.2d 709 [76 P.2d 508]; *Benway* v. *Benway,* 69 Cal.App. 2d 574 [159 P.2d 682]; *Estate of Remick,* 75 Cal.App.2d 24 [170 P.2d 96]; *Davis* v. *Rudolph,* 80 Cal.App.2d 397 [181

P.2d 765] ; *La Mar* v. *Superior Court,* 87 Cal.App.2d 126 [196 P.2d 98]. These cases all hold that the inadvertence of a judge in signing a judgment or decree which does not correctly embody or carry out the judgment or decree as previously judicially ordered is a clerical, rather than a judicial error, which on being called to the attention of the court may be corrected by a *nunc pro tunc* order. This case differs from the cited cases in this particular: that in all of those cases the antecedent judicial order which the judgment or decree failed to follow was the order of the same judge who signed the defective judgment or decree, whereas in the case before us it was the order of the District Court of Appeal directing that the community property be assigned in the final decree of divorce which was disregarded in the signing and entry of the final decree of December 5, 1946. The principle is not changed by this fact. The order of the District Court of Appeal had become the binding law of the case and it was the absolute judicial duty of the superior judge to follow it. We cannot assume that any judge would stultify himself by consciously failing to do so. ■ The test for determining whether a judicial error is a clerical one laid down by the Supreme Court in *Estate of Goldberg, supra,* 10 Cal.2d 709, 715 is whether the error is one "which cannot reasonably be attributed to exercise of judicial consideration or discretion." The record makes clear that the error in omitting to dispose of the community property in the final decree as directed by the order of the District Court of Appeal cannot reasonably be attributed to an exercise of judicial discretion. We cannot assume that the superior judge who signed that decree deliberately or consciously flouted the order of the District Court of Appeal. It was therefore properly corrected as a clerical error by the *nunc pro tunc* judgment.

■ Appellant complains that the order was made ex parte. A clerical error apparent on the face of the judgment may be so corrected. "An order may be made correcting a judgment *nunc pro tunc* as of its original date without notice and on the court's own motion so as to make it conform to the judicial decision actually made, and this is true regardless of the lapse of time." (*La Mar* v. *Superior Court, supra,* 87 Cal.App.2d 126, 129.) Appellant attempts to distinguish the La Mar case on the ground that the decree there ordered to be corrected was one entered by the clerk and not one signed by the judge. An inspection of the record in the La Mar case shows that the decree therein ordered cor-

rected was signed by Judge Dockweiler, who tried the cause and signed the findings. Judge Dockweiler's error in not effectively carrying one of the provisions of his own findings into the judgment signed by him was held to be a clerical error rather than a judicial one which the District Court of Appeal in the La Mar case by writ of mandate ordered corrected *nunc pro tunc* to truly represent his judicial decision.

The original decree which omitted to dispose of the community property was signed and entered on an affidavit executed by the plaintiff which incorrectly recited that no motion for new trial had been made and no appeal taken from the interlocutory decree of divorce. On the face of the record the plaintiff was responsible for the error in the final decree and in the absence of some showing of excuse for her action her conduct might well have been held to constitute a waiver of the error in the final decree in failing to dispose of the community property. The application for the *nunc pro tunc* decree was supported by an affidavit of Mr. MacInnis, plaintiff's attorney, which stated that without his knowledge a stenographic secretary in his office had prepared the affidavit for the final decree and procured the plaintiff to execute it and that the affidavit and final decree (also prepared by the same secretary) had, also without his knowledge, been presented to the judge who signed the decree by a clerk in his office. While, as pointed out by appellant, this affidavit is hearsay as to how the documents were prepared and presented it does establish that it was done without the knowledge of the affiant, who was acting throughout as plaintiff's counsel in the matter. In view of the obvious errors of fact in the affidavit and the obvious failure of the decree to carry out a part of the antecedent judicial order favorable to the plaintiff the fact that plaintiff's action was taken without knowledge of her counsel or the benefit of his advice is sufficient to excuse and explain her conduct.

By a very technical argument appellant is seeking to escape from the effect of an adverse award of community property made by the trial court after hearing all of the evidence and approved by the District Court of Appeal in *Wilson* v. *Wilson, supra*, 76 Cal.App.2d 119.

The judgment appealed from is affirmed.

Nourse, P. J., and Griffin, J. pro tem., concurred.