[Civ. No. 14837. First Dist., Div. One. Mar. 12, 1952.]

BARBARA WILSON, Respondent, v. FRANCIS A. WILSON, Appellant.

Louis Ferrari for Appellant.

Lucille F. Athearn for Respondent.

WOOD (Fred B.), J.—July 22, 1947, a final decree was entered *nunc pro tunc* as of December 5, 1946, granting the plaintiff a divorce upon the ground of extreme cruelty, award-

ing her permanent alimony for support and maintenance, and dividing the community property between the parties. That decree was affirmed in *Wilson* v. *Wilson,* 88 Cal.App.2d 382 [198 P.2d 916].*

In dividing the community property the decree awarded each party an undivided one-half interest in certain improved real property and granted plaintiff "the free, uninterrupted and sole right to the use, occupancy and control of all of said real property and all the improvements thereon, including that awarded and assigned to Francis A. Wilson [defendant], so long as she shall choose to so use, occupy or control the same."

May 25, 1949, plaintiff filed a notice of motion for an order to make the final decree more definite and certain and to clarify the decree, particularly the portion thereof which we have quoted. In her supporting affidavit, plaintiff alleged that the intent of the court in awarding the use of this property could only be executed by an order compelling the defendant to pay the real property taxes which were due and payable thereon as of December 5, 1946, the date of the decree, setting forth the amounts of accrued taxes for certain years.

May 23, 1950, an order was entered granting plaintiff's motion to clarify the final decree in respect to certain property taxes. Defendant appealed from that order. Subsequently and heretofore a motion by plaintiff to dismiss the appeal upon the asserted ground that the order is nonappealable was denied by this court.

The main question upon this appeal is whether or not the asserted error of omission in the final decree was a clerical error. If a clerical error, the court had power to supply the omission; otherwise, not. "The test for determining whether a judicial error is a clerical one laid down by the Supreme Court in *Estate of Goldberg, supra,* 10 Cal.2d 709, 715 [76 P.2d 508], is whether the error is one 'which cannot reasonably be attributed to exercise of judicial consideration or discretion.' " (*Wilson* v. *Wilson,* 88 Cal.App.2d 382, 384 [198 P.2d 916].)

*The interlocutory decree had been modified and affirmed as modified (*Wilson* v. *Wilson,* 76 Cal.App.2d 119 [172 P.2d 568]). An order of July 18, 1947, directing defendant to pay certain community property debts, was affirmed in *Wilson* v. *Wilson,* 33 Cal.2d 107 [199 P.2d 671]. An order made in 1949 increasing the amount of permanent alimony was affirmed except as to a direction for the posting of security, in *Wilson* v. *Wilson,* 104 Cal.App.2d 167 [231 P.2d 128].

■ Our examination of the record convinces us that the asserted omission was not the result of a clerical error.

The quoted portion of the decree, silent as to taxes, denotes, either (1) an intent to make no change concerning the respective obligations of the parties for the payment of taxes (past, present and future) upon this property; or (2), the absence of an intent to deal· with that subject one way or another. The words "free, uninterrupted and sole right to the use, occupancy and control" of the property suggest, instead, an intent to award plaintiff the use of the property free of rent to the defendant in respect to his one-half ownership thereof "so long as she shall choose to so use, occupy or control the same."

This view is supported by the fact that in another paragraph of the decree the court directed defendant "to pay and discharge all bills of the parties contracted prior to the filing of the action herein, which the court finds to amount to the sum of $4,829.00" and to "pay and discharge all income taxes levied by the government of the United States, or the State of California, against the plaintiff Barbara Wilson, or which constitute a lien upon any property awarded to her hereby, or in which she is granted any right, title, interest or control hereby, up to the 1st day of January, 1945." The express mandate to make such payments, particularly the income tax liens, if any, upon this very property, and the utter absence of any expression concerning the ad valorem taxes on that property, leave no room for any inference that the court intended to deal with the subject of ad valorem taxes which had accrued and were payable prior to the effective date of the decree, leaving the respective rights and duties of the parties concerning payment of such taxes to be determined in accordance with the applicable provisions of law.

Upon the hearing of her motion for clarification of the decree, plaintiff relied in part upon an affidavit by the judge who presided at the trial and signed the final decree. In that affidavit he said, in part, "at the time of the making and entering of the above quoted excerpt from this Court's judgment [the portion quoted earlier in this opinion], affiant did not know that real property taxes were due, owing, and unpaid against said improved real property. . . ." If at the time of making and entering the decree, the judge had no knowledge of the existence of taxes due, owing, and unpaid

on this property, we fail to see how the asserted omission could have occurred as the result of a clerical error. That lack of knowledge tends to support the view that the subject of payment or nonpayment of these ad valorem taxes was not presented to the court for consideration. The respective rights and duties of the parties to pay ad valorem taxes (past, present or future) accrued or accruing upon this property are not in issue upon this appeal and are not determined hereby.

The order should be reversed. It is unneccessary to discuss the other points urged by defendant in support of his appeal.

The order appealed from is reversed.

Peters, P. J., and Bray, J., concurred.

The opinion was modified to read as above printed and a petition for a rehearing was denied April 11, 1952.