[Civ. No. 20388.   Second Dist., Div. One.   Mar. 7, 1955.]

Estate of ISAAC JACOB WEINREICH, Deceased.   MARIE W. THOMPSON, Appellant, v. FRANK E. GRAY, as Guardian, etc., et al., Respondents.

Henry C. Rohr for Appellant.

Frank E. Gray, in pro. per., and Wendell P. Hubbard for Respondents.

WHITE, P. J.—Marie Weinreich Thompson, the only child of the testator and one of the beneficiaries under his testamentary trust, petitioned the court for instructions to require the trustee to pay to her the sum of $450, instead of "the residue of the income" or a minimum of $150 monthly from and after her mother's demise in 1950, said amount to be made up from corpus when the income is insufficient. This appeal is from the order denying her petition.

The trustee appeared by answer as an impartial party. Upon its representation to the court that the interests of petitioner and her minor daughter, Wendy Lee Thompson, were adverse and that any afterborn children of petitioner would have the same rights as Wendy Lee, Frank E. Gray was appointed their guardian *ad litem* and appeared by filing an answer.

Upon the hearing, petitioner testified that she was 48 years old and her daughter Wendy 10; that each had received from the trust $150 per month ever since testator's death in 1945; that her grandmother, mother and uncle who were life-beneficiaries of the trust are now deceased; that her aunt and cousin are now aged 76 and 54, respectively, and each is to receive a stated amount monthly or annually from the trust until her death; and that when the will was made in 1936 petitioner was divorced, living at home, and had no income of her own.

Guardian *ad litem* of petitioner's daughter, appearing in propria persona, then objected to "this line of questioning" on the ground that "such testimony would be incompetent, irrelevant and immaterial to the issues in this case, the decree of distribution being full and complete, and there being no ambiguity existing therein . . ."

Petitioner's attorney then stated in effect that the purpose of this testimony by Mrs. Thompson is to explain the circumstances surrounding the making of the will, and not to relate any oral statements made by her father. Ruling on the objection was reserved and offer of proof was made that petitioner would have testified that in 1936 she was completely dependent upon her father; that relations with her father were extremely friendly and he supported her in accord with their high standard of living; that he gave her automobiles and trips to Europe; that he spent in excess of $500 monthly for her support; that before making the will he told her that he was going to erect two multiple units on lots owned by him and she was to receive the income;

that the units were never built and the lots were sold before he made his will.

Hubert A. Ward, Robert A. Chamberlain and Charles Schonlaw, testator's business associates and witnesses to his will, were called as witnesses and, according to offers of proof made after rulings reserved on similar objections, would have related conversations in 1936 and at the time of making the will, wherein testator said to them separately that after the death of his wife "the minimum income belonged to" petitioner and that she was to get "all of it"; and that she would then get "her mother's share plus what he had provided for her."

After a continuance, the court sustained the objections to the testimony offered; and thereupon made its order instructing as follows:

"1. That the Will of said decedent and the Decree of Partial Distribution bearing date February 19, 1947, were and are not ambiguous; that said Decree of Partial Distribution superseded the Will of said decedent and is res adjudicata and binding upon all parties to the proceeding.

"2. That the minimum payment of $300.00 per month for Alice Marie Weinreich provided under Paragraph Eighth subdivision (E) (2) of the Will, and under provisions of Trust A of said Decree of Partial Distribution was personal to her, and ceased upon her death, and did not pass to Marie W. Thompson, petitioner herein.

"3. That petitioner Marie W. Thompson is not entitled to have paid to her the minimum payment of $300.00 per month provided to be paid to said Alice Marie Weinreich in addition to the $150.00 per month minimum payment provided to be paid to said petitioner under the provisions of Trust B of the Decree of Partial Distribution."

The decree of partial distribution, setting out the terms and conditions under which the corpus of the estate was distributed to the trustee, supersedes the will of decedent. (*Estate of Loring,* 29 Cal.2d 423, 432 [175 P.2d 524].) It has become final.

If there is some ambiguity in such order of distribution, "the will itself may be used to establish the true meaning and intent of the decree." (*Estate of Goldberg,* 10 Cal.2d 709, 713 [76 P.2d 508].) The court may also determine to whom the property shall pass under circumstances not provided for by the decree of distribution. (Prob. Code, § 1120; *Estate of Loring, supra,* p. 433.)

Appellant first urges as ground for reversal that the trial court erred in sustaining the objections on the ground that the issues raised by the petition were res judicata because the order of partial distribution setting out the terms of the trust does not "fully instruct the Trustee as to the rights or benefits of petitioner under the testament except during the life of" her mother.

From the record it appears that the decree was drawn up not in the exact terms of the will but so as to provide for the situation created by an holographic codicil, made without the consent of testator's wife about 10 years after the will was made. The decree was worked out with the agreement of all of the parties.

The material provisions of the order for partial distribution are ". . . that the entire residue of the estate available for distribution . . . shall be distributed at this time . . . in trust, to be held, managed and distributed as hereinafter provided . . . The Trustee shall pay the remaining net income (of Trust A) to the use of Alice Marie Weinreich. Should said remaining net income from Trust 'A' be insufficient to pay her the sum of $300.00 monthly the Trustee shall make up and pay the deficiency out of the principal of Trust 'A' . . . In case Trust 'A' shall be exhausted the Trustee is authorized to invade the income of Trust 'B' for the payment of the sums to (the beneficiaries of Trust 'A' other than petitioner's mother) . . . Upon the death of Alice Marie Weinreich, if she shall decease prior to the termination of the trust, the corpus and undistributed income of Trust 'A' shall go to augment Trust 'B' . . . Out of the remaining net income (of Trust 'B') the trustee shall pay to Wendy Lee Thompson the sum of $150.00 monthly and the remaining net income of said Trust 'B' to Marie Julia Thompson. In case the net income from Trust 'B' shall be insufficient to pay to Wendy Lee Thompson the sum of $150.00 monthly and to pay the minimum of $150.00 monthly to Marie Julia Thompson the Trustee shall make up and pay the deficiency monthly out of the principal of Trust 'B.' Upon the exhaustion of the principal of Trust 'B' the Trustee is authorized to invade the income of Trust 'A' to pay the sums to (the beneficiaries of Trust 'B' other than petitioner and her daughter) . . . *but neither the income nor the principal of Trust 'A' may be invaded for the purpose of making any further payments to Wendy Lee Thompson, and, Marie Julia Thompson until after the decease of Alice Marie Weinreich.*" (Emphasis added.)

■ Appellant claims that the language emphasized above expressly limits the application of the decree of partial distribution to her mother's lifetime. Reading it in context, however, the purpose of the clause appears to be only to prevent the distribution of any part of Trust "A" to petitioner or her daughter prior to her mother's death, when the entire remainder of Trust "A" becomes a part of Trust "B" and augments the income thereof, to be distributed as therein provided. There is no ambiguity. As before her mother's death, petitioner is to receive the remainder of the income from Trust "B," or, if the remainder of the income is less than $150, she is to receive that amount monthly from income and principal of said Trust "B."

Appellant, in her brief, states that "the doctrine of res judicata should be cautiously applied in the case of a trust where, for all practical considerations, the Petitioner is the sole person concerned." In the instant proceeding, petitioner is not the only person concerned. She may not survive the distribution at the end of the trust term of 25 years. In that case Wendy Lee Thompson may be the sole distributee of the trust property.

Much of appellant's brief is devoted to a discussion of testator's intention as shown by his will; but where, as in this proceeding, the decree of distribution sets forth the terms of the trust without ambiguity and covers fully the conditions now existing, neither the probate court, nor this court on appeal, is authorized to look outside the decree.

The order is affirmed.

Doran, J., and Drapeau, J., concurred.