[Civ. No. 50426. Second Dist., Div. Five. Dec. 8, 1977.]

In re the Marriage of NITA FAITH and
ROBERT RIVERA MERCADO.
NITA FAITH MERCADO, Appellant, v.
ROBERT RIVERA MERCADO, Respondent.

COUNSEL

Thomas S. Bunn, Jr., for Appellant.

Clarke, Leary & Mooney and F. Bentley Mooney, Jr., for Respondent.

OPINION

**ASHBY, J.**—This is an appeal from an order making a nunc pro tunc correction in a prior interlocutory judgment of dissolution of marriage. The parties, Nita Mercado (hereinafter Wife) and Robert Mercado

(hereinafter Husband), entered into a property settlement agreement which was introduced into evidence at the hearing before Judge Pro Tempore Samuel Laidig on June 10, 1970, at which the interlocutory judgment of dissolution of marriage was granted. Counsel for Wife was to prepare the decree and submit it to counsel for Husband for approval as to form and substance, and then to the court for signature and filing. The property settlement agreement and the interlocutory judgment based thereon provided for division of property including the family residence in San Marino, which was to be transferred to Wife subject to certain provisions for the payment by Wife to Husband of $11,250, representing Husband's interest in the property. Wife's obligation to pay Husband $11,250 was to be due "upon the occurrence of the first of the following events:

"(i) The remarriage of the Wife; (ii) The sale of said real property by the Wife; (iii) The establishment by the Wife of a permanent place of residence other than said real property; (iv) The reaching of majority by both of the minor children of the parties hereto, *and* the establishment of a separate place of residence or marriage or both of said minor children." (Italics added.) Custody of the parties' two minor children, daughters then aged 17 and 15, was given to Wife. Judgment was entered June 26, 1970.

In July 1976 Husband filed notice of motion for a correction of the judgment. In support of his motion, Husband declared that he learned for the first time in June 1976 that both the written property settlement agreement and the judgment based thereon did not correctly reflect the agreement of the parties. The actual agreement of the parties was that Wife's obligation to pay Husband $11,250 would become due upon the reaching of majority of both daughters *or* the marriage or establishment of a separate residence by both daughters. Notwithstanding declarations in the property settlement agreement that each party had been represented by counsel, had read the agreement and had it fully explained to them by counsel and was fully aware of its contents and legal effect, Husband had no specific recall of reading the document and relied upon representations from his attorney that the written property settlement agreement accurately reflected the terms of the parties' agreement. The motion was also supported by a declaration from Husband's attorney, that it was his recollection Husband was to receive the money after the children reached the age of majority and he had no recollection how the phrase "and the establishment of a separate place of residence or

marriage or both of the said minor children" found its way into the written agreement.

There is no indication in the record that Wife submitted counter-declarations. A hearing was held on the motion for correction of judgment, at which Husband and Wife testified, but the record on appeal contains no reporter's transcript of the hearing. Judge Pro Tempore R. R. Hermann modified the 1970 judgment by substituting the word "or" for the word "and" in the relevant provision.

Since there is no evidence to the contrary, and Wife has elected to appeal on the clerk's transcript alone, it must be presumed that, as contended by Husband, the written property settlement agreement and original judgment did not reflect the true agreement of the parties. (See *Kompf* v. *Morrison*, 73 Cal.App.2d 284, 286 [166 P.2d 350].)[1] Wife does not contend otherwise.[2] ■ The sole issue on appeal is Wife's contention that the error cannot be deemed to constitute a "clerical error" which is subject to later modification.

■ A trial court has power to correct mistakes and to annul orders and judgments inadvertently or improvidentially made, i.e., judgments and orders which were not actually the result of the exercise of judgment. (*Estate of Doane*, 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581]; *Denton* v. *Denton*, 18 Cal.App.3d 708, 714-715 [96 Cal.Rptr. 136].) ■ Wife contends that the first trial judge intended to incorporate the property settlement agreement into the decree, and that since the written property settlement agreement contained the mistaken language, it cannot be said the judgment did not reflect the intention of the trial judge. This argument is based on an unrealistically narrow approach to the problem. The second trial judge was entitled to take into account the circumstances surrounding the original judgment. (See *Denton* v. *Denton, supra*, at pp. 715-716.)[3] The first trial judge's situation

---

[1] Wife mentions in her brief that the trial court did not make findings of fact on the motion for correction. Findings were not required in the absence of a request for findings. (Code Civ. Proc., § 632.)

[2] At oral argument Wife's position was that there was no need to admit or deny that a mistake was made as contended by Husband because, even assuming there was a mistake, it could not be corrected under the doctrine of clerical error.

[3] Contrary to suggestions in Wife's brief, clerical error may be proved by any competent evidence and it is not essential that the same judge who made the initial ruling preside over or appear at the hearing on the correction. (See *Kaufman* v. *Shain*, 111 Cal. 16, 21 [43 P. 393]; *Wilson* v. *Wilson*, 88 Cal.App.2d 382, 384 [198 P.2d 916]; *Smith* v. *Smith*, 115 Cal.App.2d 92, 101 [251 P.2d 720].)

was that the parties presented him with a written agreement how their property was to be divided. The first judge had to rely upon the accuracy of the attorneys in drafting the written agreement to reflect the actual agreement of the parties. (See *Russell* v. *Superior Court,* 252 Cal.App.2d 1, 8 [59 Cal.Rptr. 891].) In such context, it can reasonably be concluded that what the first trial judge intended was to incorporate into the judgment the *actual agreement of the parties,* and that the judge *assumed* that the written property settlement agreement correctly reflected the parties' actual agreement. The doctrine of clerical error permits correction of judgment and orders "inadvertently made which are not actually the result of the exercise of judgment." *(Estate of Doane, supra.)* If the first trial judge assumed the written agreement reflected the agreement of the parties, the judge did not make an "exercise of judgment" that the provision should read "and" rather than "or."

In *Estate of Doane, supra,* the decedent's will created two trusts. An order for preliminary distribution, which followed the language of the petition for preliminary distribution, contained a provision inconsistent with the will. It was held that the order was subject to correction for clerical error, because the trial court intended the order to conform to the terms of the will. Analogously, here the trial court intended to follow the actual agreement of the parties. The instant case is even stronger than *Doane.* A dissenting opinion in *Doane* argued that the error was judicial rather than clerical because it was simply a case of the judge having approved the order without comparing it with the terms of the will. (*Id.,* at p. 73.) Here, on the other hand, the first trial judge had no opportunity to make such a comparison and exercise a judgment in that regard, because the parties presented him with a written property settlement agreement on which he was entitled to rely as reflecting the actual agreement of the parties. The judge intended to approve the agreement of the parties, and if the written agreement did not properly reflect the actual agreement, the error was clerical.

The order appealed from is affirmed.

Kaus, P. J., and Hastings, J., concurred.