Filed 2/11/25  Sahakian v. Minasova CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MAROOT SAHAKIAN, | B323706 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. (BC644772) |
| CARMEN MINASOVA et al., | |
| Defendants and Respondents, | |
| FARMERS INSURANCE EXCHANGE et al., | |
| Intervenor and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge.  Affirmed.

Maroot Sahakian, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent Sarkis Khachmanian.

Carmen Minasova, Artur Javadyan, and Guillermo Quintanilla, in pro. per., for Defendants and Respondents Minasova, Javadyan, and Quintanilla.

Collinson, Daehnke, Inlow & Greco, Deborah A. Smillie, Lisa D. Collinson and Rebecca Herman for Intervenor and Respondent Farmers Insurance Exchange on behalf of Defendant Gagik Cherechyan.

_____

Maroot Sahakian claimed injuries from an altercation at his apartment building.  On the last day he could file under the statute of limitations, Sahakian sued other people involved as well as the apartment owner and ten unnamed Doe defendants.  Two years later, he sought to add the building manager as one of the Does.  This belated attempt to add a new defendant was improper because Sahakian had known about the manager's alleged involvement since before he filed his original complaint.  We affirm.  Unspecified citations are to the Code of Civil Procedure.

I

Sahakian alleged damages from a physical dispute on December 22, 2014.  He sued several residents of his apartment building and the building owner.  Sahakian filed his suit on December 22, *2016*:  the last day to sue under section 335.1.

Sahakian's complaint included Doe defendants 1-10 as agents or employees of the other named defendants.  However, it did not list the name of the building manager, nor did the initial complaint allege any action by this manager.

On August 10, *2018*, Sahakian filed an "Amendment to Complaint – Fictitious Name," which substituted the name "Cago Cherchyan" for Doe Defendant No. 2.  On the same date, the

2

court generated an Amended Summons directed to "Gago Cherchyan." Neither was the correct spelling of the name of the person who managed the apartment building when the altercation took place, who was Gagik Cherechyan. Cherechyan died on April 13, 2020.

The sheriff attempted service on "Cago Cherchyan" on August 21, 2018 and reported an unsuccessful effort. The sheriff informed Sahakian the resident's personal identification showed his name was "Gagik Cherechyan" and there was no resident at that address named "Cago Cherchyan."

On August 28, 2018, a private individual supposedly personally served "Aregnav Cherchyan, wife of Cago Cherchyan" with various documents, including a summons, complaint, and statement of damages. No proof of this service was signed or filed until October *2020* – more than two years after the supposed service.

Sahakian filed a first amended complaint on May 8, 2019. The caption included "Cherchyan Cago." The first amended complaint alleged that the apartment manager was aware of other defendants' violent tendencies, that Sahakian had repeatedly told the manager he was afraid of other defendants, that the manager had been present at previous altercations between Sahakian and other defendants, and that, on those occasions, the manager had intervened. Sahakian signed but did not verify the complaint.

On May 8, 2019, a private individual supposedly mailed a copy of the first amended complaint to the residence of "Cherchyan Cago," according to a proof of service dated May 8, 2019 but not filed until November 2020, a year and a half later.

3

On October 4, 2019, Sahakian filed a second amended complaint. This one also listed "Cherchyan Cago" among the defendants.

That same day, Sahakian filed a proof of service purporting to show personal service that morning of a summons, the *first* amended complaint dated May 8, 2019, a statement of damages dated September 15, 2019, and other documents on "Cago Cherchyan AKA Gaco Cherchyan."

On November 24, 2020, Sahakian requested and obtained entry of default against "Cherchyan Cago AKA Gago Cherchyan."

In mid-2021 Farmers Insurance Exchange successfully intervened on behalf of Gagik Cherchyan as its insured. On October 1, 2021, it succeeded in setting aside the default.

Sahakian appealed from this order. The appellate court dismissed the appeal, as the order he appealed from was not final.

On December 13, 2021, Sahakian filed a request to change the name of Doe Defendant No. 2 from "Cago Cherchyan" to "Gagik Cherechyan," and the court approved the request.

Farmers filed a motion on June 29, 2022, asking the trial court to rescind the Doe defendant name change and dismiss Cherechyan from the case because, among other reasons, Gagik Cherechyan passed away in April 2020. After a hearing on July 29, 2022, the trial court granted this motion, canceled the December 2021 name replacement, and dismissed "Cago Cherchyan" from the case.

Sahakian appealed the July 29, 2022 order.

## II

Sahakian filed a motion with this court, titled "Motion to Request an Erratum to Correct an Oversight Regarding the

4

Clerk's Transcript Information." In this motion, Sahakian acknowledges missing the deadline, which we extended five times, to file a reply brief. He makes arguments he might have included in an opening or reply brief.

The documents Sahakian references in this motion are already in the appellate record, as he acknowledges. He neglected to raise them in the manner he now wishes in his opening brief. Sahakian forfeited the arguments he did not raise in his opening brief. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) We deny Sahakian's motion.

III

We affirm. Cherechyan was never a proper party in this case. The trial court was right to strike his name from the suit.

A

Many of the parties' contentions revolve around whether Sahakian correctly served Cherechyan with the summons and complaint. Sahakian failed in this effort.

The sheriff attempted service of the original complaint under the name "Cago Cherchyan" and reported it incomplete because the resident at the service address had a different name. Sahakian then attempted personal service on Cherechyan and substituted service on Cherechyan's wife at that address, but always under the name "Cago Cherchyan," which he already knew was not the correct spelling.

When Sahakian finally used Cherechyan's real name, three years after the sheriff gave it to him, it was too late. The trial court correctly found that it would be improper for Sahakian to replace the fictitious name of "Cago Cherchyan" with the name of a deceased person who could not be properly served or participate in litigation (see § 377.40), and whose personal representative,

5

were they to be named, also could not be served because the statute of limitations had passed.

B

The trial court was right to decline to give Sahakian time to replace "Cago Cherchyan" with a personal representative for the deceased Gagik Cherechyan. Sahakian could not have legally substituted Cherchyan on the list of defendants after the initial complaint was filed. The trial court did not abuse its discretion when it corrected its earlier and incorrect addition of Cherechyan as a defendant and dismissed him from the case.

Section 474 allows plaintiffs to give a fictitious name to a defendant whose identity they do not know when they file complaints, and to amend the complaints to state the defendant's true identity when discovered.

Boundaries circumscribe this rule's allowances. The test is whether, at the time the complaint was filed, plaintiffs were genuinely ignorant of the facts giving them a cause of action against the fictitiously named person. The focus is on the facts that the plaintiffs knew, not on whether plaintiffs subjectively knew they had a cause of action based on those facts. (*Hahn v. New York Air Brake LLC* (2022) 77 Cal.App.5th 895, 899 (*Hahn*).)

Sahakian made clear in his amended complaint that he knew who the manager was and the manager's precise involvement in the case at the time of the underlying incident. Sahakian repeated this admission in his appellate briefing. When Sahakian belatedly decided to add the manager in the case, he knew where to find him and had a rough approximation of his name.

In his brief Sahakian wrote the following, to which we have added emphasis: "Sahakian Knew Mr. Cherchyan as the

6

property manager for the Apt. building (located at 1149 Melrose Ave. Glendale) Sahakian had lived at said address for more than five (5) years. Mr. Khachmanian (defendant/owner of the property & Mr. Cherchyan's employer) *immediately after Sahakian's arrival* - - had introduced Mr. Cherchyan to be the manger [sic] of the said apartment building . . . ."

Sahakian also wrote that, "In fact, the manger [sic] Cherchyan was present on few occasions when Sahakian was attacked by Minasova … but failed and refused to take any action that was requested by Sahakian against Co-defendants, therefore negligently failing to protect Sahakian from the Physical harm which resulted this lawsuit."

Cherechyan's name, or any version of it, does not appear in the trial court record until August 10, 2018, the day when Sahakian filed an Amendment to Complaint replacing Doe Defendant No. 2 with the name "Cago Cherchyan." This was about 20 months after the filing deadline for the case. Sahakian may not have known how to spell Cherechyan's name correctly when he filed his initial complaint, but he knew Cherechyan was the manager of the apartment building before the incident giving rise to the case.

The power to list Doe defendants does not entitle plaintiffs to add known people to a complaint years after the statute of limitations has run. (See *Hahn, supra,* 77 Cal.App.5th at p. 899.)

Sahakian could have spelled Cherechyan's name on the original complaint to the best of his ability and then later asked to correct a misspelling. This corrective procedure would have been proper. Instead, in 2018, Sahakian proceeded as though he had discovered a previously unknown person, when in reality

7

Sahakian knew of this person all along.  This procedure improperly sought to evade the statute of limitations.

C

The trial court properly corrected Sahakian's pleading.  (*In re Marriage of Mercado* (1977) 75 Cal.App.3d 701, 704, fn. 3 [clerical error may be proved by any competent evidence].)

The trial court may fix a legally incorrect order or filing at any time, whether or not a party requests it.  (See § 473, subs. (d).)

The court appropriately dismissed this supposed defendant from the case.  (See *Maier Brewing Co. v. Flora Crane Service, Inc.* (1969) 270 Cal.App.2d 873, 875 [where plaintiff has not complied with requirements of § 474, there is no jurisdiction to proceed against the purported defendant, and a motion to dismiss is proper].)

## DISPOSITION

We affirm the order and award costs to Respondents.

WILEY, J.

We concur:

GRIMES, Acting P. J.

VIRAMONTES, J.

8