[Civ. No. 56993. Second Dist., Div. Two. Jan. 17, 1980.]

In re the Marriage of PHYLLIS H. and JOSEPH J. KAUFMAN.
PHYLLIS H. KAUFMAN, Appellant, v.
JOSEPH J. KAUFMAN, Respondent.

COUNSEL

Leonard Horwin for Appellant.

Robert L. Brock for Respondent.

OPINION

**FLEMING, Acting P. J.**—Dissolution of marriage cause. Wife appeals a postjudgment order correcting clerical error in the division of property.

On June 22, 1976, husband and wife, married for 34 years and with 2 adult children, obtained an interlocutory judgment of dissolution of marriage which reserved the issue of property division for later trial. At a mandatory settlement conference on July 13, 1976, husband and wife and their respective counsel stipulated in court to specific terms of a property division, spousal support, fees, and costs. The court approved the stipulated terms, made them the order of the court, and directed wife's counsel to prepare a written judgment. Subsequently, counsel for the parties exchanged correspondence which discussed terms not previously agreed upon and covered by the stipulation and order. Thereafter, a proposed judgment modifying certain terms of the stipulation and order was approved as to form and content by both counsel, and was signed by the court on August 27, 1976.

Two and a half years after entry of judgment, husband, apparently on receiving demands from wife's attorney, instituted this action to conform the judgment to the stipulation and order, asserting that his counsel at the time of approval of the judgment's form and content inadvertently failed to notice clerical discrepancies between (1) the stipulation and order and (2) the proposed judgment. The trial court found the judgment did not conform to the stipulation and order, and corrected the judgment in the following respects: (1) the statement in the judgment that wife's spousal support was based on husband's "current or projected net income...of $120,000" was changed to read husband's "adjusted gross or taxable income which has been approximately $120,000 per year," (2) the provision that husband would maintain six life insurance policies for the benefit of his children was

changed to two policies. The first change was made to remove any implication from the judgment that the amount of wife's support would be correlated to husband's future income, the court concluding that the stipulation and order looked to past income only. The second change was made to conform the provision on life insurance to the exact terms of the stipulation and order, which specified that only two life insurance policies (rather than six) would be held by husband for the benefit of his children.

On appeal, wife contends that the parties modified the terms of their oral stipulation through correspondence between counsel and that the signed judgment accurately reflected counsel's modified terms. She also contends that husband's failure to seek modification of the judgment until two and a half years after its entry barred whatever right he may have had to modify the judgment.

■ 1. The trial court gave little weight to correspondence between counsel, viewing it as self-serving and hearsay. We think this view of the trial court was correct, in that the letters contain little to indicate that counsel undertook substantive modification of the provisions of the stipulation and order. Nor would counsel have been authorized to so do if they had tried, for counsel have no authority to bind their clients to substantive terms of a settlement. (Code Civ. Proc., § 283; *Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 277-278 [74 Cal.Rptr. 544, 449 P.2d 760].) There is no direct evidence that husband consented to anything other than the terms of the original stipulation. If any substantive modifications were agreed to by counsel in their correspondence, a supposition which appears doubtful, such modifications were not binding on their clients. Beyond these limitations on the authority of counsel, however, lies the further factor that the present cause does not merely involve a property settlement agreement between counsel but a court order which culminated a court-initiated and court-supervised procedure designed to settle and terminate contested litigation. The order of the court directed preparation of a judgment on specified terms. The supposed practice by counsel of continued renegotiation during the drafting process of agreed-on terms of property settlements, if such is the practice, plays no part in a court-supervised settlement whose terms have been ordered into effect by the court.

■ 2. Wife's other contention is in the nature of laches and estoppel. If the judgment was incorrect, she argues, the husband slept too

long on his rights to permit their assertion and correction now. We disagree. Husband sought relief when the error was brought to his attention. And the trial court acted within its discretion in modifying the judgment when the error was called to *its* attention. Clerical error, unlike judicial error, is correctable at any time. (Code Civ. Proc., § 473; *Estate of Goldberg* (1938) 10 Cal.2d 709, 716-717 [76 P.2d 508]; *Gravert* v. *DeLuse* (1970) 6 Cal.App.3d 576, 582 [86 Cal.Rptr. 93].) When a signed judgment does not reflect the express judicial intention of the court, the signing of the judgment involves clerical rather than judicial error. (*Zisk* v. *City of Roseville* (1976) 56 Cal.App.3d 41, 47 [127 Cal. Rptr. 896].) Counsel who fail to correctly record the terms of a court-ordered judgment commit clerical error, and their error is correctable as such. At bench, it can reasonably be concluded that the trial court intended the judgment to incorporate the stipulated terms of the agreement approved and ordered by the court, and that when the judge signed the judgment drafted by wife's counsel, he assumed it correctly reflected the approved order of the court. Because of this judicial assumption, the court did not exercise a judicial function in signing the judgment, and did not commit judicial error. (See *In re Mercado* (1977) 75 Cal.App.3d 701, 705 [141 Cal.Rptr. 423].) The error was clerical, and despite the lapse of two and a half years it remained correctable. (*Estate of Goldberg* (1938) 10 Cal.2d 709, 717 [76 P.2d 508].)

The order is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied February 13, 1980, and appellant's petition for a hearing by the Supreme Court was denied March 13, 1980. Mosk, J., did not participate therein.