Filed 9/30/13  Marriage of Melum CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of LINDA RAE and NOEL TALBOT MELUM. | |
| LINDA RAE MELUM,<br><br>        Respondent,<br><br>v.<br><br>NOEL TALBOT MELUM,<br><br>        Appellant. | A137693<br><br>(Sonoma County<br>Super. Ct. No. SFL 49140) |

Linda Rae Melum petitioned for dissolution of her marriage to Noel Talbot Melum,[1] and later filed a separate civil action against him alleging causes of action arising from the 22-year nonmarital relationship that preceded their marriage.  Linda's motion to consolidate the two actions was denied, and the dissolution proceeding went to trial and resulted in a judgment addressing property issues.  After the judgment became final, the trial court amended it at Linda's request to specify that it was limited to the parties' property and support rights against each other *under the Family Code* and quieted title to the properties awarded only as against claims *arising out of the marriage*.  On appeal, Noel seeks reinstatement of the original judgment, contending the trial court lacked jurisdiction to amend it.  We affirm the amended judgment.

---

[1] As is customary in marital dissolution actions, we refer to the parties hereinafter by their first names.  (*In re Marriage of James and Christine C.* (2008) 158 Cal.App.4th 1261, 1264, fn. 1.)

# I. BACKGROUND

Noel and Linda were married on April 20, 2006, and separated on June 6, 2009. The couple had lived together for more than 22 years prior to marriage and have an adult daughter.

Linda filed a petition for dissolution of marriage on December 4, 2009. Linda's petition sought termination of the marriage, spousal support, and a determination of property rights. Noel filed a response on January 27, 2010, seeking dissolution and a determination of property rights. Linda filed a separate civil action against Noel on August 15, 2011 (commonly referred to as a *Marvin*[2] action), alleging several *Marvin* causes of action arising out of the parties' premarital relationship. The *Marvin* causes of action concerned the same assets and similar equitable claims as the dissolution action.

Sixteen days before the scheduled trial date in the dissolution action, Linda filed a motion to consolidate the *Marvin* action with the action for dissolution. Noel opposed the motion. On March 26, 2012, the court (the Hon. Robert S. Boyd) denied Linda's request to consolidate, finding (1) the civil action and family law action were "in procedurally different postures," (2) Linda had failed to file the motion to consolidate in the civil action as required, (3) Noel would be prejudiced should the court consolidate or coordinate the two actions, and therefore (4) it would be "procedurally inappropriate" to consolidate the two actions.

The family court conducted trial of the dissolution action on April 2 and 5, 2012. The court issued a tentative decision on June 27, 2012. On July 31, 2012, after each party had an opportunity to file objections to the tentative decision, the court issued its statement of decision terminating the marriage, awarding Linda spousal support, and

---

[2] *Marvin v. Marvin* (1976) 18 Cal.3d 660 (*Marvin*) established the principles that govern the distribution of property acquired in a nonmarital relationship, including the enforcement of property rights created by express or implied contracts and other tacit understandings between unmarried partners. Premarital agreements and other *Marvin* rights that arise in the premarital period remain enforceable after marriage. (*Watkins v. Watkins* (1983) 143 Cal.App.3d 651, 653.)

distributing the parties' community and separate property. The statement of decision made no findings or determination concerning Linda's *Marvin* causes of action.

Noel's attorney submitted a proposed form of judgment to the court on August 2, 2012, and a copy of the proposed judgment was e-mailed to Linda's counsel on the same day. She interposed no objection to the proposed form of judgment. The judgment as drafted by Noel's attorney was signed by the court on August 10, 2012, and entered on August 30, 2012. Notice of entry of the judgment was served by the clerk of the court on that date. Paragraph No. 6 of the judgment provided: "This judgment is a complete and final adjudication of the property and support rights of the parties against each other. Title to the properties awarded to each party is quieted in that party as against all claims of the other party." Immediately following entry of the August 30 judgment, Linda signed grant deeds conveying to Noel two of the real properties that were in issue in both the dissolution and *Marvin* actions, which were recorded in October 2012.

On November 5, 2012, Linda filed a motion requesting the court to clarify the judgment by amending paragraph No. 6 to include the words appearing in italics: " 'This judgment is a complete and final adjudication of the property and support rights of the parties against each other *under the Family Law Act*. Title to the properties awarded to each party is quieted in that party as against all claims of the other party *arising out of their marriage.*' "[3] (Italics added.) The court granted Linda's motion and ordered Linda's counsel to prepare an amended judgment replacing paragraph No. 6 with the language requested in Linda's motion. In its written order, the trial court explained its ruling as follows: "The 'clarification' requested by [Linda] is a request for a supplementation to but not a change of the judgment rendered in this matter. When the Court denied the motion to consolidate the civil action, i.e., the *Marvin* action, with the family law matter, the effect of this Court's order was to preclude the resolution of the

---

[3] The Legislature repealed the Family Law Act in 1992, and enacted the Family Code. (*Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1121, fn. 5.) We assume the reference is to the latter.

3

issues presented in the civil law matter. The Court finds that the interpretation of this Court's judgment urged by [Noel] is not consistent with the intentions of this Court. . . . As the Court finds this to be a clerical error, not a judicial error, the Court continues to have jurisdiction to make the correction in order to ensure that the judgment, as interpreted, is consistent with this Court's intentions." At the hearing on Linda's motion, the court stated: "[I]t clearly was the Court's understanding and intention that the Court was ruling on the Family Law rights, rather than any pre-marital rights . . . pertaining to the *Marvin* action."

The judgment, as amended, was entered on January 11, 2013. This timely appeal followed.

## II. DISCUSSION

Noel contends the amended judgment should be reversed and/or vacated and the original judgment reinstated because (1) the amended judgment made a substantive change in the judgment and the trial court lacked jurisdiction to make any such substantive change; (2) Linda had waived her objections to the form of the judgment, and the trial court therefore erred as a matter of law in considering Linda's belated objections; and (3) the amended judgment is erroneous because the law precludes a second action between the same parties for division of the same property.

### A. *Nature of Modifications to Judgment*

Noel maintains the language of the original judgment clearly and conclusively ended all litigation between the parties over ownership of their property by quieting title, whereas the modified judgment leaves open the possibility of further litigation regarding ownership. According to Noel, this difference "directly affected the rights of the parties under the judgment" and therefore brought about a substantive change in the judgment.

Code of Civil Procedure section 473, subdivision (d) provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered . . . ." (See also *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110, 117.) Such motions may be made at any time. (*Carpenter v. Pacific Mut. Life Ins. Co.* (1939) 14 Cal.2d 704, 707.) On the

4

other hand, judicial errors—errors that are the deliberate result of judicial reasoning and determination—may only be corrected by invoking one of the recognized procedures for attacking a judgment such as a timely motion for new trial or an appeal. (See *Craven v. Crout* (1985) 163 Cal.App.3d 779, 782–783.) It is undisputed that the time for Linda to pursue those latter avenues for relief had expired by the time she brought her motion for clarification.

If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with the judgment intended. (*Pettigrew v. Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 209–210.) Thus, "[t]he signing of a judgment, which does not express the actual judicial intention of the court, is clerical rather than judicial error. [Citations.]" (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1035.) "In determining whether an error is clerical or judicial, great weight should be placed on the declaration of the judge as to his intention in signing the [judgment]." (*Gill v. Epstein* (1965) 62 Cal.2d 611, 615, disapproved on other grounds in *Manta Management Corp. v. City of San Bernardino* (2008) 43 Cal.4th 400, 412, fn. 8.) The fact the language omitted from the original form of judgment had a substantive effect on the rights of the parties is not dispositive as long as the omission was inadvertent. (Cf., *Pettigrew*, at pp. 210–211 [upholding modification of award from $150,000 to $15,000].)

Here, the court's comments at the hearing on Linda's motion, as well as the surrounding circumstances, support the conclusion that the amended judgment stated the court's actual intention when it entered the original judgment. During the hearing on Linda's motion, the court stated (1) the denial of the consolidation motion meant the *Marvin* issues "could not be resolved in [the dissolution] action"; (2) it was "clearly . . . the Court's understanding and intention that the Court was ruling on the Family Law rights, rather than any pre-marital rights . . . pertaining to the *Marvin* action"; and (3) "all the Court understood and intended to be ruling upon were the Family Law Code section rights." Other circumstances relevant to construing the court's intent include its knowledge of the parties' lengthy premarital cohabitation and of the pendency of Linda's

5

*Marvin* action, the court's denial at Noel's urging of Linda's motion to consolidate the two actions two weeks before the trial, the limited nature of the legal issues that may be considered in marital dissolution proceedings,[4] and the absence of any record that Noel explicitly requested a property determination preclusive of Linda's *Marvin* rights at any time before the original judgment was entered. All of these factors suggest the court's omission of the limiting language in issue was inadvertent, and not the result of a deliberate judicial determination.

Based on the record before us, we find the modification constituted correction of clerical error, which was within the trial court's jurisdiction even after the time to appeal the original judgment had passed. (Cf. *In re Marriage of Kaufman* (1980) 101 Cal.App.3d 147, 151 (*Kaufman*) [upholding modification of judgment entered more than two years earlier where judgment prepared by wife's counsel did not conform to parties' stipulation].)

**B. *Waiver***

Noel argues Linda waived her right to seek correction of clerical error as a matter of law by failing to timely object to the language of the original judgment under California Rules of Court, rule 3.1590(j) or to seek to have it vacated under Code of Civil Procedure section 663.[5] We are not persuaded.

---

[4] California Rules of Court, former rule 5.104 (now rule 5.17) provided that "[n]either party to [a marital dissolution] proceeding may assert against the other party . . . any cause of action or claim for relief other than for the relief provided in [the family law] rules . . . or . . . Family Code." *Marvin*, *supra*, 18 Cal.3d at page 665 held: "The provisions of the Family Law Act do not govern the distribution of property acquired during a nonmarital relationship."

[5] California Rules of Court, rule 3.159(j) allows any party to serve and file objections to a proposed judgment within 10 days after being served with it. Code of Civil Procedure section 663 provides for vacating judgments having an "[i]ncorrect or erroneous legal basis" or that are "not consistent with or not supported by the facts" by motion filed within 15 days of the mailing of the notice of entry of judgment. (See Code Civ. Proc., § 663a.)

Most cases of clerical error in the form of judgment will involve some lapse in attention by one or both parties, as well as inadvertence by the court. For example, in *Kaufman*, the Court of Appeal rejected the wife's waiver or estoppel argument despite the fact the erroneous judgment was approved as to form and content by husband's counsel, and allowed to stand for two and a half years before the husband became aware of the problem and sought to have it corrected. (*Kaufman, supra,* 101 Cal.App.3d at p. 149.) Noel cites no case holding a request to correct clerical error in a judgment is waived by failing to invoke other available procedures before seeking correction of the error in the trial court under Code of Civil Procedure section 473, subdivision (d).

Moreover, since the trial court is empowered to act on its own motion without any request, the waiver doctrine could not have barred the court *as a matter of law* from correcting its own judgment, as Noel contends. We find no waiver in this case.

**C. *Conclusive Effect of Judgment***

Noel maintains the original judgment was correct because, as a matter of law, there can be no further adjudication of Linda's *Marvin* rights with respect to the same property covered by the dissolution judgment. He cites Code of Civil Procedure section 1908, which provides in relevant part: "The effect of a judgment or final order in an action or special proceeding before a court or judge of this state . . . is as follows: [¶] (1) In case of a judgment or order against a specific thing . . . the judgment or order is conclusive upon the title to the thing . . . ." He asserts based on section 1908 that he is entitled to the language in the original judgment which quieted title to and determined the parties' rights in the property covered by the judgment without the qualifications added by the amended judgment.

Thus, Noel takes seemingly inconsistent positions. He prevented trial and entry of a combined judgment encompassing marital and *Marvin* issues by successfully objecting to consolidation, yet he now argues the dissolution judgment could not validly leave any of Linda's *Marvin* claims open for later determination in the civil action. He tries to reconcile these positions by claiming it was Linda's fault the issues were not joined in a single judgment dividing the parties' property because she was dilatory in prosecuting her

7

*Marvin* action. This court is in no position to determine who is responsible for the two cases not being tried together. In any event, we know of no requirement of law that *Marvin* issues be consolidated for trial with issues arising under the Family Code, however desirable that arrangement might be from a policy standpoint.

Moreover, Code of Civil Procedure section 1908 is not a measuring rod for determining whether a judgment is legally valid or complete. It is simply a codification of the judicially created doctrine of res judicata. (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 530; *Castro v. Higaki* (1994) 31 Cal.App.4th 350, 357.) As the first sentence of the statute states, it is about the effect given to a judgment in a later proceeding, not about the form and language in which it must be written. To the extent Noel seeks an advisory opinion from this court about the future effect of the amended dissolution judgment in the *Marvin* action, we decline to provide it. (See *Salazar v. Eastin* (1995) 9 Cal.4th 836, 860 [rendering of advisory opinions not within the functions or jurisdiction of an appellate court].)

Noel fails to demonstrate the trial court's amendments are inconsistent with Code of Civil Procedure section 1908 or invalid on any other ground.[6]

---

[6] We deferred ruling on Linda's motion for sanctions for a frivolous appeal until a decision on the merits of the appeal. We now deny the motion under the standards set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.

## III. DISPOSITION

The January 11, 2013 amended judgment is affirmed.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.