Filed 10/16/13  Baah v. AT&T CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| ALEX BAAH,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>AT&T CORP. et al.,<br><br>    Defendants and Respondents. | G047803<br><br>(Super. Ct. No. 30-2009-00312935)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sally Ann Salisbury, Temporary Judge (pursuant to Cal. Const., art. VI, § 21), and James Di Cesare, Judge.  Affirmed.

Alex Baah, in pro. per., for Plaintiff and Appellant.

Jennifer Z. Morris for Defendant and Respondent.

Alex Baah filed a wrongful termination action against his employer AT&T Corp., Pacific Bell Telephone Company, a corporation doing business as AT&T California (Pacific Bell), and SBC Communications.  The trial court sustained Pacific Bell's demurrer to Baah's verified third amended complaint without leave to amend.  We affirmed the trial court's ruling in *Baah v. Pacific Bell Telephone Company* (Feb. 1, 2012, G045473) [nonpub. opn.].

Just prior to this court filing its opinion in *Baah v. Pacific Bell Telephone Company, supra,* G045473, Baah obtained default judgments against the remaining named defendants, AT&T Corp., and SBC Communications.  On the day we filed our opinion, AT&T Services Legal Department on behalf of Pacific Bell, AT&T Corp., and SBC Telecom, Inc.,[1] filed a motion to set aside entry of the default judgments. After the trial court granted the motion to set aside the default judgments, AT&T Corp. filed a motion to correct the judgment for clerical error.  A temporary judge granted the motion to correct the judgment for clerical error.  After the temporary judge granted that motion, the trial court denied Baah's motion for reconsideration.

Baah appeals from a judgment entered after the trial court denied his motion to reconsider the temporary judge's order granting AT&T Corp.'s motion to correct the judgment for clerical error.  Baah raises three claims:  (1) the trial court erred in vacating the default judgment against AT&T Corp., and SBC Communications; (2) the temporary judge erred in granting the motion to correct the judgment for clerical error; and (3) the trial court erred in denying his motion for reconsideration.  None of his contentions have merit, and we affirm the judgment.

---

[1]      Hereafter, we will refer to Pacific Bell, AT&T Corp., and SBC Telecom Inc., collectively and in the singular as AT&T Corp., unless the context indicates otherwise.

2

FACTS

Baah filed a verified complaint against "AT&T" for retaliation, misrepresentation, fraud, and wrongful termination in violation of public policy. Baah filed a verified first amended complaint against "AT&T, AT&T California, [and] SBC Communication" alleging the same causes of action.[2] AT&T Corp. filed a demurrer for "Pacific Bell Telephone Company erroneously sued as AT&T, AT&T California, [and] SBC Communications." AT&T Corp. filed requests for judicial notice. One of the requests included the following exhibits: (1) a fictitious business name statement indicating "'AT&T California'" is Pacific Bell's fictitious business name; (2) service of process for AT&T California; (3) a fictitious business name statement indicating "SBC California" is Pacific Bell's fictitious business name; and (4) Baah's W-2 forms from Pacific Bell. On October 28, 2010, the trial court sustained the demurrer with leave to amend. As relevant here, the court stated, "Moving party Pacific Bell has established that AT&T is its fictitious business name and that [Baah] was [Pacific Bell's] employee." The court granted the request for judicial notice but not as to the truth AT&T California was served.

Baah filed a verified second amended complaint against "AT&T Corp[.], Pacific Bell Telephone Company, a corporation, doing business as AT&T California, [and] SBC Communications, [d]efendants[]" alleging the same causes of action. AT&T Corp. filed a demurrer for "Pacific Bell Telephone Company (dba AT&T California and former dba SBC California), erroneously sued as SBC Communications." The trial court sustained the demurrer with leave to amend.

On February 4, 2011, Baah filed verified third amended complaint against the same defendants alleging the same causes of action. AT&T Corp. filed a demurrer for "Pacific Bell Telephone Company (dba AT&T California and former dba

---

[2]       Throughout our opinion, we have omitted the original capitalization in the pleadings.

3

SBC California), erroneously sued as SBC Communications." Baah replied. The trial court sustained the demurrer without leave to amend.

Baah filed a motion for reconsideration and a renewed motion for reconsideration, both of which Pacific Bell opposed. The trial court denied both reconsideration motions.

On May 3, 2011, the trial court entered judgment for Pacific Bell. The judgment was modified to read: "~~AT&T Corp.~~, Pacific Bell Telephone Company, a corporation doing business as AT&T California, ~~SBC Communications~~[.]" Pacific Bell filed notice of entry of judgment. Baah appealed in July 2011.

Upon Baah's request, entry of default judgment on the original complaint filed October 20, 2009, was entered against AT&T Corp. on November 4, 2011, and against SBC Communications on January 6, 2012. On February 1, 2012, AT&T Corp. filed a motion to set aside entry of default, quash service of summons, and dismiss the complaint served on AT&T Corp., and SBC Communications, which were specially appearing. Relying on Code of Civil Procedure section 473, subdivision (b), AT&T Corp. argued the trial court should set aside the default judgment because of the following: (1) Baah did not properly serve defendants with a summons; (2) defendants were not liable because the trial court and this court concluded Pacific Bell was not liable; and (3) there is no known entity SBC Communications and SBC's fictitious business name was never SBC Telecom, Inc. Attorney for Pacific Bell, Jennifer Z. Morris, included a declaration in support of the motion.

In our prior nonpublished opinion *Baah v. Pacific Bell Telephone Company, supra,* G045473, we affirmed the trial court's ruling sustaining a demurrer

without leave to amend Baah's verified third amended complaint and denying his motions for reconsideration.[3]

After we filed our opinion, Baah filed an opposition to Pacific Bell's motion to set aside entry of default refuting each of Pacific Bell's claims. Baah added that Pacific Bell had not complied with Code of Civil Procedure section 473's procedural requirements because it had not included a pleading to be filed in the event the trial court granted the motion. Pacific Bell replied. The matter was continued twice and heard in August 2012.

In a minute order dated August 2, 2012, the trial court, Judge James Di Cesare, granted the motion to set aside the default judgments against AT&T Corp., and SBC Communications but denied the motions to quash and dismiss. The court explained: "Defendants were properly served when their agent for service of process accepted service on summons on the [f]irst [a]mended [c]omplaint. There was no confusion on [d]efendants' part about who was being sued, which was Pacific Bell, as evidenced by acceptance of service of process and responsive pleadings indicating service was on erroneously-named [d]efendants. [Citation.] [¶] Judgment was entered in this case in favor of Pacific Bell on May 3, 2011. Based upon matters which the [c]ourt took judicial notice, it concluded that although it had fictitious names under which it did business, Pacific Bell was [Baah's] employer. The pleadings established all employment actions taken in connection with [Baah's] discharge from employment were taken by Pacific Bell, even though that was not always the name used. The [j]udgment in favor of Pacific Bell is as to all [d]efendants named in the [t]hird [a]mended [c]omplaint. However, the [j]udgment submitted by Pacific Bell and signed by the [c]ourt did not

---

[3] On our own motion, we take judicial notice of our prior nonpublished appellate opinion and record in that matter. (Evid. Code, §§ 452, subd. (d) [judicial notice may be taken of court records], 459; Cal. Rules of Court, rule 8.1115(b)(1); *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171, 1173 [court may take judicial notice of prior nonpublished opinions in related appeals on its own motion].)

make this clear, failing to refer to each named [d]efendant. [¶] Because [j]udgment was entered in favor of Pacific Bell, all 'doing business as names' are included in the [j]udgment. Therefore, the [c]ourt concludes that it did not have jurisdiction to enter these [d]efendants' defaults since it lost jurisdiction upon entry of judgment. [¶] Since the court hasn't had jurisdiction for some time, it does not have it now as any motion other than the one to set aside the default." In a minute order the next day, the trial court ordered nunc pro tunc defendants' responsive pleading due within 20 days. AT&T Corp. provided notice of the trial court's rulings.

Two weeks later, AT&T Corp. filed an ex parte application for entry of judgment in favor of AT&T Corp., and SBC Telecom. The trial court denied the ex parte application stating counsel was to file a motion for entry of judgment and give notice.

AT&T Corp. filed a motion to correct judgment for clerical error on behalf of Pacific Bell, AT&T Corp., and SBC Telecom. In its motion, AT&T Corp. argued the trial court's May 3, 2011, judgment is as to all the defendants named in the verified third amended complaint but the proposed judgment submitted by Pacific Bell failed to "make this clear." Additionally, AT&T Corp. contended the trial court and this court have already determined Pacific Bell, as Baah's employer, is not liable. Morris included a declaration in support of the motion and exhibits supporting the motion, including the October 28, 2010, minute order where the trial court took judicial notice of Pacific Bell's fictitious business names. AT&T Corp. also filed a demurrer to Baah's verified third amended complaint on behalf of AT&T Corp., and SBC Telecom.

Baah opposed the motion to correct judgment for clerical error. AT&T Corp. filed a reply motion to correct judgment for clerical error on behalf of Pacific Bell, AT&T Corp., and SBC Telecom.

At a hearing in September 2012, the parties stipulated to a temporary judge hearing the matter. The temporary judge heard the matter and took it under submission. In a minute order, the temporary judge explained she had reviewed the evidence and the

6

superior court file, and considered written and oral arguments. The temporary judge granted the motion to correct judgment for clerical error pursuant to Code of Civil Procedure section 473, subdivision (d).

The following month, the trial court, Judge James Di Cesare, ruled AT&T Corp., and SBC Telecom's demurrer was moot because the temporary judge granted the motion to correct judgment for clerical error.

After we denied Baah's petition for writ of mandate requesting this court order the trial court to vacate its order granting the motion to correct judgment for clerical error, Baah filed a motion for reconsideration. AT&T Corp. opposed the motion, and Baah replied.

In a minute order, the trial court stated it had read and considered the oral and written arguments of the parties. Relying on Code of Civil Procedure section 1008, subdivision (a), the court denied the motion, reasoning Baah's motion for reconsideration does not include any new or different facts, circumstances, or law. AT&T Corp. filed notice of entry of judgment. Baah again appealed.

## DISCUSSION

### I. *Motion for Relief from Default*

Baah contends the trial court erred in granting AT&T Corp.'s motions to vacate the default judgments against AT&T Corp., and SBC Communications. We disagree.[4]

---

[4] Before we address Baah's claim the temporary judge erred in granting AT&T Corp.'s motion to correct the judgment because of a clerical error, we must determine whether the trial court properly granted AT&T Corp.'s motion to set aside the default judgments against AT&T Corp., and SBC Communications. Needless to say, the temporary judge could not correct the clerical error in the judgment to include AT&T Corp., and SBC Communications if there were default judgments entered against those defendants. Unfortunately, AT&T Corp. does not address this claim at all. AT&T Corp. spends the majority of its time discussing why Baah's release of claims against Pacific Bell includes AT&T Corp., and SBC Communications, and why Baah's third amended complaint fails to state facts sufficient to constitute causes of action.

7

Code of Civil Procedure section 473, subdivision (b), provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." We review the vacating of a default judgment for an abuse of discretion. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. [Citations.]" (*Id*. at pp. 478-479.)

Here, the trial court did not abuse its discretion in granting AT&T Corp.'s motions to set aside entry of default against AT&T Corp., and SBC Communications. Preliminarily, although AT&T Corp. does not raise the issue, the default judgments were entered on the incorrect complaint. The default judgments were entered on the original complaint filed on October 20, 2009, but the trial court sustained a demurrer with leave to amend as to this complaint, and thus the original complaint did not exist. (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 988, p. 400 [sustaining of demurrer destroys complaint as pleading and proper course is to file completely new amended complaint]),

As to the merits, sufficient evidence supports the trial court's judgment that Baah was effectively suing one entity. At the hearing on October 28, 2010, the trial court had before it evidence establishing Pacific Bell was Baah's employer and the other entities Baah was attempting to sue were either current or former fictitious business names of Pacific Bell. The court could reasonably rely on this evidence in concluding counsel for AT&T Corp. inadvertently failed to specify the named defendants in the verified third amended complaint in the proposed judgment. Therefore, sufficient

8

evidence supports the court's ruling that when it entered judgment in favor of Pacific Bell it was entering judgment as to all defendants named in the verified third amended complaint because they were all the same entity.

Baah complains AT&T Corp. did not include a copy of the proposed pleading with its motion to set aside entry of default as required by Code of Civil Procedure section 473, subdivision (b).  Failure to include the pleading is not jurisdictional, and substantial compliance with the rule may suffice.  (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 402-403; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶ 5.305.10, p. 5-82.)  AT&T Corp. substantially complied with the requirement when it filed its demurrer within 20 days as directed by the trial court.  Thus, the trial court properly granted AT&T Corp.'s motion to set aside the default judgments against AT&T Corp., and SBC Communications.

II. *Motion to Correct Judgment for Clerical Error*

Baah argues the trial court erred in granting AT&T Corp.'s motion to correct the judgment because of a clerical error.  Again, we disagree.

Code of Civil Procedure section 473, subdivision (d), states:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."  We review the trial court's ruling for an abuse of discretion.  (*Davis v. Thayer* (1980) 113 Cal.App.3d 892, 904.)  "Under the doctrine of implied findings, the reviewing court must infer, following a bench trial, that the trial court impliedly made every factual finding necessary to support its decision."  (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 48.)

Here, the temporary judge properly granted AT&T Corp.'s motion to correct the judgment because of a clerical error without discussion.  Based on the record before us, we must infer the temporary judge made every factual finding necessary to

9

support its decision after considering the parties' moving papers and argument, and reviewing the superior court file. (*In re Marriage of Kaufman* (1980) 101 Cal.App.3d 147, 151 [clerical error correctable at any time].) The superior court file includes evidence, Baah's W-2 forms, establishing Pacific Bell was Baah's employer, and Pacific Bell had operated under various fictitious business names over the years, including AT&T California and SBC California based on California Secretary of State records. Thus, the temporary judge's implied finding the clerical error in the May 3, 2011, judgment must be corrected to include all the named defendants in the verified third amended complaint is supported by sufficient evidence.

        *Estate of Goldberg* (1938) 10 Cal.2d 709, is instructive. In that case, the testator in his will directed that certain property be divided among his four children (naming them) but the decree of distribution omitted the name of one child as distributee. A copy of the will had been attached to the petition for distribution that prayed the residue of the estate "'be distributed to those entitled thereto.'" (*Id.* at p. 710.) However, the petition did not indicate the manner in which the estate should be distributed. The minute order on distribution stated: "'Decree of distribution granted in accordance with terms of the will, and the [c]ourt directs that the proper decree be prepared and filed herein, and when filed, the same to be entered in the records of this [c]ourt on the date of filing.'" (*Id.* at p. 711.) Thirty-five years later, the court made a nunc pro tunc order amending the decree to conform to the will by inserting the name of the omitted child. (*Ibid.*) The court of appeal held this was a proper correction of a clerical error appearing on the face of the record. (*Id.* at p. 716.)

        Like *Goldberg*, here, the record includes sufficient evidence from which the temporary judge could reasonably conclude judgment should have been entered in favor of Pacific Bell as to all defendants named in the third amended complaint. Although we are not concerned with a nunc pro tunc order here, the *Goldberg* court's reasoning a judge may correct a clerical error in a judgment at any time is applicable here. (7 Witkin,

10

Cal. Procedure (5th ed. 2008) Judgment, § 68, p. 604 [listing cases where courts have corrected mistake in name of party and correcting omission of name of party].)  Contrary to Baah's assertion otherwise, when the trial court sustained the demurrer to Baah's verified third amended complaint, it was doing so as to all the named defendants in that complaint.  The court did so based on the fact the general release and waiver of claims agreement Baah signed states that in exchange for the benefits he was to receive, he releases, "the Plan, AT&T Inc. and the Participating Company and their current and former parents, subsidiaries, affiliates, successors or assigns . . . ."  Thus, the temporary judge properly granted AT&T Corp.'s motion to correct judgment for clerical error.

III.  *Motion for Reconsideration*

Baah claims the trial court erred in denying his motion for reconsideration.  Not so.

Code of Civil Procedure section 1008 authorizes a party who is affected by an order to file within 10 days after service of written notice of entry of the order an application for reconsideration based upon new or different circumstances, facts, or law.  Where the moving party has failed to comply with Code of Civil Procedure section 1008 by not presenting new facts or new law, the denial of the motion to reconsider is not appealable.  (See *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1458-1459; *In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 81.)

Here, Baah cites to his motion for reconsideration and his declaration in support of his motion to support his claim he provided new circumstances, facts, and law.  But he does not specify what is new, and leaves it to us to discern what is new and therefore, the point is waived.  (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 978-979.)  Additionally, he does not explain his lack of diligence in presenting the new circumstances, facts, or law earlier.  We have reviewed the motion and the declaration and conclude Baah presents no new circumstances, facts, or law supporting the conclusion the trial court's judgment exceeded the bounds of reason.  The circumstances,

11

facts, or law he characterizes as new were well within his knowledge as he litigated the case and thus, they are not new.  (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690-691 [facts not new or different when always within possession and no satisfactory explanation why not divulged earlier].)  Therefore, the trial court did not abuse its discretion in denying Baah's motion for reconsideration.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.