Filed 4/21/25  Marriage of Carter CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of SHANNON and STEVEN CARTER. | |
| | D082959 |
| SHANNON CARTER, | |
| Respondent, | (Super. Ct. No. 18FL005793C) |
| v. | |
| STEVEN CARTER, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Patricia Garcia, Judge.  Affirmed.

Moshtael Family Law and Daniel R. Knowlton; Knowlton Family Law and Daniel R. Knowlton for Appellant.

Cage & Miles and John T. Sylvester for Respondent.

This is the third appeal in this marital dissolution action involving Steven Carter and Shannon Carter.  We issued an opinion in July 2024 resolving two prior appeals taken from the original and corrected versions of

the trial court's judgment of dissolution.  (*Carter v. Carter* (July 17, 2024, D080210, D081627) [nonpub. opns.] (*Carter I*).)  There, we affirmed the trial court's judgment except for the vacation pay award, which we reversed for recalculation.  We also ruled that Steven did not establish any reversible error in the court's orders denying his motion for reconsideration and his motion to set aside the judgment.  We further concluded that the court did not err in correcting the judgment based on clerical error.  Finally, we found moot Steven's argument that the trial court erred in calculating the arrears based on restricted stock units (RSUs) and performance restricted stock units (PRSUs).[1]

In this appeal, which was briefed before our *Carter I* decision, Steven once again argues that the trial court erred in denying his request to set aside the judgment and in calculating the arrears based on RSUs and PRSUs.  Because he reasserts arguments addressed and rejected in *Carter I*, those arguments are not properly before us in this appeal.  We also reject his arguments that the court erred in entering the corrected judgment nunc pro tunc and in not allowing him to present live testimony.  We affirm the trial court's order.

---

[1]	Steven has also filed another appeal (D084417) that is currently pending before this court.  That appeal involves postjudgment orders modifying child and spousal support and will not be considered here.

FACTUAL AND PROCEDURAL BACKGROUND[2]

A.    *Parties and Background*

Shannon and Steven married in November 2007, and have two children, born in 2010 and 2012. Before marriage, they lived in Iowa and moved to Tennessee, where Shannon pursued her Ph.D. Steven practiced law in both states. They then moved to California, where Shannon attended Stanford Law School. Steven worked in a nonattorney role at Stanford. After law school, Shannon initially worked at an intellectual property law firm.

She began working for Arena Pharmaceuticals (Arena) in 2013, where she earned a salary, bonus, and equity compensation, including stock options. Steven worked in nonattorney roles at the University of California, San Diego (UCSD) from 2008 until 2017, when he became mostly unemployed for a period of time.

B.    *Dissolution Proceedings*

In May 2018, Shannon filed for divorce. Later that month, Steven filed a Request for Order for child and spousal support, including a percentage of Shannon's bonus income under *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33 (*Ostler-Smith*). The dissolution proceedings went on for several years, including as to temporary support issues.

The case went to trial in October 2021 and the trial court issued its decision from the bench. The court: (i) determined it had jurisdiction to, and did, apply the *Ostler-Smith* percentages to set temporary support arrears on Shannon's bonus and stock options from 2019 to 2021; (ii) set spousal support

---

[2]    A more detailed account of the factual and procedural background was set forth in *Carter I*. Here, we summarize the pertinent events, drawing on our prior opinion.

at $1,000 monthly plus an *Ostler-Smith* percentage, with a $35,000 annual cap and termination date of September 30, 2023; (iii) addressed equity award treatment, including selecting the allocation method for stock options under *In re Marriage of Nelson* (1986) 177 Cal.App.3d 150; (iv) adopted Steven's vacation pay calculations; and (v) awarded some, but not all, attorney fees requested by Steven. The court deferred the arrears payments, with the stock option portion of the spousal support arrears stayed pending appeal, and the other child and spousal support arrears due at six months or one year. The judgment reflected these terms.

C.      *Statement of Decision and Judgment*

In November 2021, Shannon filed a request for statement of decision regarding a number of issues, including the *Ostler-Smith* arrears, and the parties filed proposed statements of decision and objections.

In January 2022, the trial court entered a Statement of Decision on the matters identified by Shannon.

In February 2022, the trial court entered the judgment Shannon's counsel prepared.

D.      *Motions to Reconsider and Set Aside*

In March 2022, Steven filed a motion to reconsider based on Code of Civil Procedure section 1008, subdivision (a). He contended the new or different facts were that Shannon's employer Arena had received a purchase offer for the company (hereafter, company sale), which would raise the stock price and accelerate vesting of her stock options. He asked the court to remove, increase, or delay the spousal support cap, and to accelerate 50 percent of the arrears payments. Shannon opposed the motion.

In July 2022, Shannon moved to set aside the judgment to address clerical error. That same month, Steven filed a memorandum in

4

connection with his motions to reconsider and set aside the judgment. On set aside, he claimed Shannon's conduct in preparing the original judgment amounted to extrinsic fraud, and setting it aside would permit the court to consider the company sale.

In August 2022, Shannon filed a declaration "request[ing] the Court enter the revised Judgment (See Lodgment 1) Nunc Pro Tunc to February 28, 2022 to fix a clerical error."

E. *Court Ruling and Prior Appeals*

At an October 2022 hearing, the court denied Steven's motions and entered a corrected judgment, nunc pro tunc. The support arrears totaled $545,217, the vacation pay award was $21,368, and the attorney fee award was $30,000.

First, the trial court denied Steven's reconsideration motion, stating entry of the judgment "divests the trial court of authority" to rule on reconsideration. The court said it did "not think [the motion] was timely," noting it was filed after both judgment and appeal. It also found the company sale was not a "proper basis for reconsideration," stating in part that this was a "future event," not a "new or different fact," and there also was no "concrete" information on the sale.

Second, the trial court denied Steven's motion to set aside the judgment on the basis of fraud, stating it did not find his claim was "supported by the evidence" or "that there was fraud." It explained, "An incorrect judgment was submitted. It was not what the court fully intended, and that's why it will be vacated and replaced with a corrected version . . . . But . . . these corrections or errors were acknowledged by [Shannon's counsel] as soon as they were brought to her attention."

Third, regarding Shannon's motion to set aside the judgment based on clerical error, the trial court found the "terminology problematic," because it was "not really setting aside the judgment," but rather "making corrections to make sure the judgment reflects the court's intended decisions." The court called it a "motion to correct the judgment," and indicated it would enter the corrected judgment nunc pro tunc, as it would reflect "the order[s] that should have been . . . filed." The trial court adopted the proposed corrected judgment lodged by Shannon and added interlineations at the hearing.

Steven and Shannon both appealed from the original judgment of February 2022 (D080210) and the corrected judgment of October 2022 (D081627). We consolidated those two appeals and decided them together in *Carter I* in July 2024. In relevant part, we ruled that: (1) the trial court's alleged error in using net values for calculating arrears based on the RSU/PSRU's was moot because the court had corrected the calculation; (2) the trial court committed no reversible error in denying Steven's motions for reconsideration and to set aside the judgment based on fraud; and (3) the trial court committed no error in finding clerical error as the basis for entering the corrected judgment.

In June 2023, while the prior appeals were pending, the court entered a FOAH for the October 2022 hearing, which summarized the matters resolved at the hearing (2023 FOAH). Steven then filed this appeal from the June 2023 FOAH. This appeal was fully briefed before we decided *Carter I*. In connection with our review of his civil case information statement, which also occurred before our decision in *Carter I*,

6

we issued an order stating that this appeal was limited to the set-aside motion.[3]

## DISCUSSION

Steven argues that the trial court erred denying his request to set aside the judgment and in calculating the arrears based on RSUs and PRSUs. He also contends that the court erred in entering the corrected judgment nunc pro tunc and in failing to give him an evidentiary hearing with live witnesses. We conclude his first two arguments have already been decided against him in *Carter I* and his remaining arguments lack merit or have been forfeited.

### A. *Issues Addressed in Our Prior Opinion*

#### 1. *Denial of Steven's Motion for Set Aside Based on Fraud*

In *Carter I*, we addressed and rejected Steven's argument that the court erred in denying his motion to set aside the judgment based on alleged fraud by Shannon's counsel in preparing the judgment. In this appeal, Steven once again argues that Shannon's counsel committed extrinsic fraud in submitting a judgment "that had not been approved" and "contained material omissions and inappropriate 'advocacy' language." But Steven cannot resurrect claims we already decided. Under the law of the case doctrine, "[t]he decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent . . . appeal in the same case." (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.) The law of the case doctrine prevents parties from seeking appellate reconsideration of

---

[3]    We do not have jurisdiction to review the portion of the FOAH in which the trial court denied Steven's motion to reconsider and will not address Steven's arguments for reconsideration again here. (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 937.)

an issue already decided in a prior appeal unless there has been a significant change in circumstances or applying the doctrine would result in an injustice. (*People v. Boyer* (2006) 38 Cal.4th 412, 441.) Here, there has been no change in circumstances, and following *Carter I* would not result in an unjust decision. Accordingly, we decline to revisit our prior ruling on Steven's motion to set aside the judgment.

### 2. *Trial Court's Use of Net Amounts for RSUs and PRSUs*

In *Carter I*, we also addressed and determined Steven's argument that the court erred in calculating the arrears based on RSUs and PRSUs was moot. As noted in our prior opinion, following Shannon's assertion that the court "corrected the mistaken calculation" and rendered the issue moot, Steven conceded the court corrected the mistake and the issue was moot. (*Carter I.*) " 'An appellate court will not review questions which are moot . . .' " (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566 (*Lester*).) A "question becomes moot when, pending an appeal . . . , events transpire which prevent the appellate court from granting any effectual relief." (*Ibid.*) As we previously concluded, "the RSU/PRSU calculation issue is moot. The trial court has corrected the calculation at issue, and neither party contends it lacked jurisdiction to do so. Accordingly, there is no effective relief that we can provide on this issue." (*Carter I* [citation omitted].) Once again, there has been no change of circumstance that would justify revisiting the mootness issue.

### B. *Entry of the Corrected Judgment Nunc Pro Tunc*

In *Carter I*, we further concluded there was no abuse of discretion in the trial court's finding of clerical error as the basis for entering the corrected judgment. In this appeal, Steven now takes issue with the fact that the court entered the corrected judgment nunc pro tunc to the date of

the original judgment. Even though Steven could have raised this issue in his prior appeal from the corrected judgment, he claims he can still raise it in this appeal because the June 2023 FOAH he is appealing from did not yet exist when he filed his prior appeal from the corrected judgment. We question this logic. "Waiver precludes successive appeals on issues ripe for reconsideration in the prior appeal and not brought in that proceeding." (*People v. Jordan* (2010) 191 Cal.App.4th 107, 115 (*Jordan*).) Steven could have challenged the court's decision to enter the corrected judgment nunc pro tunc in the prior appeal, yet he failed to do so. This issue was ripe for consideration in the prior appeal and thus appears to have been forfeited.

We need not decide this question, however, because even if the issue were preserved, we would reject it on the merits. Under Code of Civil Procedure section 473, subdivision (d), a trial court may "correct clerical mistakes in its judgment . . . , so as to conform to the judgment . . . ." Clerical error encompasses " 'all errors, mistakes, or omissions which are not the result of the exercise of the judicial function.' " (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1035 (*Tobias*); *Estate of Douglas* (2022) 83 Cal.App.5th 690, 695 [" 'A clerical error . . . includes inadvertent errors made by the court 'which cannot reasonably be attributed to the exercise of judicial consideration or discretion.' "].) "When a signed judgment does not reflect the express judicial intention of the court, the signing of the judgment involves clerical rather than judicial error." (*In re Marriage of Kaufman* (1980) 101 Cal.App.3d 147 (*Kaufman*).)

Steven complains that the "window" period between the original judgment of February 2022 and the corrected judgment of October 2022 was "rather significant." But there is no time limit for correcting a clerical

9

error. (*In re Goldberg's Estate* (1938) 10 Cal.2d 709, 717 [clerical error in final distribution of estate corrected nunc pro tunc 35 years after decree of distribution].) "A court can always correct a clerical, as distinguished from a judicial error which appears on the face of the decree by a nunc pro tunc order." (*Estate of Eckstrom* (1960) 54 Cal.2d 540, 544.)

Here, the court identified that the original February 2022 judgment contained erroneous or omitted terms that did not comport with its intentions in the originally stated judgment. Accordingly, the court exercised its discretion to correct the clerical error and enter a corrected judgment nunc pro tunc to the original date of filing. In so doing, the court was restating the judgment to read as it should have read on the date it was originally entered. Based on our ruling in *Carter I* that the trial court properly found clerical error, which is now law of the case, it necessarily follows that the court committed no error by correcting the judgment nunc pro tunc.

Steven also contends that if the court had not entered the judgment nunc pro tunc, it would have had to consider the postjudgment developments that occurred, including Shannon's alleged windfall receipt of stock sales. But the court intended to correct its judgment and did not intend to reconsider its ruling. (See *In re Marriage of Padgett* (2009) 172 Cal.App.4th 830, 854 ["nunc pro tunc order" not used to "rewrite historical facts. Rather, it is more akin to the correction of a clerical error, which is an accepted use for nunc pro tunc orders"].) Instead, the order was used to rephrase the original judgment to comport with the court's original intent. (*Nathanson v. Murphy* (1957) 147 Cal.App.2d 462, 470 [court can correct clerical error where the order "did not correctly state what the judge had expressed as his intent"].)

10

Finally, Steven's reliance on Family Code section 2346 is misplaced as that statute is limited to entering a judgment when the judgment was not timely filed due to inadvertence. (*In re Marriage of Mallory* (1997) 55 Cal.App.4th 1165, 1179 [section 2346 applies "where injustice would result to a party whose rights are threatened by a delay that is not attributable to the fault of the party"].)

C. *Evidentiary Hearing with Live Testimony*

Steven also contends the court erred in not allowing him an evidentiary hearing to present live testimony on the issue of his set aside request. We conclude that he forfeited this argument for several reasons.

First, this issue was ripe for consideration and should have been raised in the prior appeal. Steven has forfeited the issue by failing to raise it in the prior appeal. (*Jordan, supra*, 191 Cal.App.4th at p. 115.)

Second, Steven did not adequately preserve the issue in the trial court. Family Code section 217 requires the court receive "any live, competent testimony that is relevant and within the scope of the hearing," subject to a finding of good cause to refuse based on reasons stated in the record. Reasons for refusing live testimony include whether material facts are in controversy and whether live testimony is necessary for the court to assess credibility. (Cal. Rules of Court, rule 5.113(b)(2)–(3).) The court was not required to set forth its conclusion as to each of the factors listed in rule 5.113(b); it was "required to state only those factors on which the finding of good cause [was] based." (*Id.*, rule 5.113(c).)

"[T]he right to live testimony under Family Code section 217 may be forfeited." (*In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 582.) The record here shows that Steven forfeited his right to live testimony. Steven

11

raised the issue to the trial court in his reply brief in support of his motion for reconsideration. There, he stated it was "likely that a witness may need to be called concerning the stock option income and PRSU income issues, and an evidentiary hearing should be calendared."

Steven's statement in his reply brief that it was "*likely* that a witness *may* need to be called" is far from definitive and he does not allege that he made any further, more specific request to admit witness testimony (and there is no record of any such request). He never identified any specific witness who he wanted to testify and failed to provide the court with any additional basis for such testimony. Moreover, at the hearing, Steven did not seek to introduce witness testimony or mention the need for an evidentiary hearing, and he argued his motion based on the declarations alone. As in *Cohen*, where the court upheld the trial court's denial of a request for an evidentiary hearing, "The record does not indicate a witness list was submitted. At the hearing, counsel neither referenced Family Code section 217 nor requested that [a witness] be allowed to testify." (*Cohen, supra*, 89 Cal.App.5th at p. 582.)

Similarly, in *In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, the appellant "arguably" forfeited his right to live testimony by failing to testify or cross-examine the opposing party or anybody else. (*Id.* at p. 390.) The appellant there, also like here, did not make a request to present live testimony in his declarations. (*Id.* at pp. 390–392 [upholding trial court's refusal to grant evidentiary hearing where appellant "fail[ed] to ask to present live testimony or cross-examine any witnesses," failed to "show that he was prejudiced by the denial of his request for an evidentiary hearing," and where the trial court found "an evidentiary hearing would not give the court information that could have . . . been included in the written

12

submissions"].)  In short, a party that fails to follow the proper procedures to secure live testimony under section 217 forfeits that right.  (*In re Marriage of George & Deamon* (2019) 35 Cal.App.5th 476, 481–482 [appellant's failure to "follow the proper procedures [section 217] to ensure that [ex-husband's] live testimony was available for the family court to receive," meant that "the family court was not required to receive any such testimony"].)

In any event, Steven fails to show that he was prejudiced.  Although he contends on appeal that he should have received an evidentiary hearing, he does not explain how he was harmed by being deprived of the ability to introduce testimony.  He also does not explain how such testimony would have related to the issues on which the trial court based its order.  (*In re Marriage of George & Deamon, supra*, 35 Cal.App.5th at p. 484 [failure to make good cause finding under § 217 is harmless where appellant does not show how live testimony would affect the issues on which the court based its order].)

Accordingly, we conclude that Steven forfeited his right to live testimony at an evidentiary hearing.

D.    *Other New Arguments for Reversal on Appeal*

Steven raises several new arguments in favor of reversal for the first time on appeal, including (1) set aside for "actual fraud" under Family Code section 2122 ; (2) set aside for "mistake" under Code of Civil Procedure, section 473, subdivision (b); (3) and set aside for a "*Reuling* recovery."  We conclude that Steven forfeited these arguments because he did not raise them below or in the prior appeal.  (*Findleton v. Coyote Valley Band of Pomo Indians* (2018) 27 Cal.App.5th 565, 569 ["[i]t is well established that appellate courts will not ordinarily consider errors that 'could have been, but were not raised below' "].)

13

## DISPOSITION

The court's order is affirmed.  Shannon Carter is entitled to her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

BUCHANAN, J.

WE CONCUR:

IRION, Acting P.J.

DATO, J.